Gaston, J.
 

 The plaintiff, Philip Snider, filed this bill in July 1841, against Philip Lackenour and Samuel and Eliz
 
 *361
 
 ..abeth the wife of said Samuel, defendants. In it he charges, that in 1814 he intermarried with Salome, the daughter of George Lackenour, by whom he had several children ; that in the year 1832, ihe said George, intending to- divide his estate among his-children, conveyed to the plaintiff, by a deed of gift duly-executed and registered, a female slave named Betty and her child David; that shortly thereafter the plaintiff’s wife died, and the said George, repenting of the bounty which he had conferred on the plaintiff, contrived, by some means unknown to the plaintiff, to get the said deed out of the plaintiff’s chest, where it had been deposited for safe keeping; that,.thus having the deed in his possession and also the slaves which had been transferred by said deed, and supposing that thereby the title to-said slaves-had revested in him ; the said George by his will undertook to dispose oí the same in the following words, viz r “ My negro woman Betty and her child David, I give onto my heirs, to have and to hold forever, conditioned that the above named ne-groes are not to be sold out of their families, otherwise to do with the said negroes as they see cause, but it is my will not to misuse said negroes while they behave well, neither to hire them to any other person against any of my heirs will;” that the said George appointed the defendant Philip Lacke-nour his executor, and that said Philip, after the death of his testator, proved the said will and took upon himself the duty of executing the same. The plaintiff then charges that the defendant Philip tried for some years, both by per-suation and threats, to prevail on him to surrender his claim to the said negroes ; that he represented to the plaintiff, that the deed of gift was invalid, because it had never been delivered, and, if valid, that the title thereunder acquired was destroyed because the deed was lost; that he threatened to sue the plaintiff and break him- up if he would not surrender his claim ; that the other children of the testator joined in these efforts, and represented, that,, unless such surrender was made, the estate-of the testator could never be settled ; that the plaintiff’s eldest son Joshua', who was entitled under the will of the testator to a legacy, which the executor re
 
 *362
 
 fused to pay, unless the plaintiff would comply with these application and also the plaintiff’s brother-in-law, John Clause, were prevailed on by the said defeqdant to exert their over the plaintiff to induce him to relinquish his claim ; that he, being an illiterate man and being thus importuned and alarmed, was prevailed upon to execute an instrument of writing, which had been prepared by the counsel o'f the defendant, a gentleman of high respectability, in whom the plaintiff reposed great confidence, and which that gentleman told him he ought to sign, releasing all claim to the said negro woman and child, and to the issue of said woman born subsequently to the date of the deed of gift.— The plaintiff charges, that this instrument was thus obtained from him by undue influence, menaces, misrepresentation and fraud, and states that afterwards a pretended sale was made of these negroes to the defendants Read and wife, who claim to hold the same thereunder, but in truth hold the same for the defendant Philip, and the bill prays that the said negroes may be delivered to the plaintiff, and an account ordered of their hires and profits; that the release of the plaintiff may be declared void and cancelled, and that the original deed under which the plaintiff claims the ne-groes, may be restored to him.
 

 The defendants answered'the bill. The defendant Philip states, that the deed of gift to the plaintiff was prepared by the late George Lackenonr,. ivas signed and sealed by him, was attested at his request by witnesses, and without being delivered to or even seen by the plaintiff, was by direction of the said George proven in court and registered; that after-wards the said George applied to the register for the deed, got it and kept it, together with the negroes therein named, in his possession until his death; that afterwards, when the said George was about to make his will' and thereby to make a different disposition of the said negroes, he informed this defendant that the plaintiff had agreed'to re-convey the said negroes to the said George’s children ; that after the death of the said George the defendant as his executor applied to counsel for advice and was informed by him that it was pro
 
 *363
 
 per that the plaintiff should execute a release of his claim to said negroes; and that the said release was executed by the said plaintiff freely, without any undue influence, misrepresentation, menaces, or fraud. The defendant, specially and particularly, denies each and every of the specific allegations in the 'bill, tending to shew such influence, threats, misrepresentations and fraud; alleges that he had no personal interest in obtaining said release, and in seeking for it was governed by no other motive than the desire of executing his duty as executor; and avers that by the consent of all interested, a sale was made of "the said negroes subject to the conditions mentioned in the will, to the defendants Read and wife, and that such sale was made
 
 bona fide
 
 and not in trust for the defendant. This answer further states, that by the will of George Lackenour a negro woman Milly is given to the plaintiff, who holds the same by-virtue thereof, and who he contends will not therefore be permitted to impeach the dispositions therein made of Betty and her children, and shews that considerable bequests were therein also made to the plaintiff’s children, which would not have been made, had not the testator regarded himself as having the right to dispose of Betty and her children as he has done by the will. The other defendants answer that they never knew of the deed ol gift to the plaintiff, and had never heard of it until after they had purchased Bet and her children; that they purchased the said Bet and her children from the executor in April, 1834, with the full approbation of all the persons interested in the bequest of said negroes, who had arrived at age and of the guardian of the plaintiff’s children who were under age; that the said Betty was a delicate, sickly woman, and a favorite of the testator ; that their principal object in purchasing her was to fulfil the testator’s humane intentions in regard to the said Betty; that they purchased absolutely and
 
 bona fide
 
 for themselves, and not under any trust, express or implied, for the defendant Philip ; that they have had open, continued and notorious possession of the said Bet and her children ever since their said purchase ; they deny all the allegations of undue influence, me
 
 *364
 
 naces, misrepresentation and fraud, charged in the plaintiff’s bill; insist that they are the rightful owners of the said Bet and her children.; insist upon the statute of limitations protecting their possession and pray to hare the same benefit of it as though they had specially pleaded the same in bar.
 

 Upon the proofs the following facts are established. The deed of gift from George Lackenour to the plaintiff was executed in the absence of the plaintiff, was attested in the presence of the donor by two witnesses, and at the request of the donor was proved and registered. We hold therefore unhesitatingly, that the defence set up that it was not delivered is in law unfounded. These acts are conclusive against the donor and those claiming under him, that there was a valid delivery. Shortly before the death of George Lackenour, he made known to the plaintiff his wish to make a disposition of property by his will for (he benefit of the plaintiff, his own children, and his grand-children, the children of the plaintiff, which could not be effected unless the plaintiff’s claim under the deed of gift was relinquished.— The plaintiff thereupon agreed to re-convey these negroes. This was not done in the life-time of George Lackenour.— But some years after his death, in pursuance of the plaintiff’s promise made to the .deceased, and for the purpose of having an effectual settlement of the estate agreeably to the dispositions of the will, the plaintiff in December, 1838, or January, 1839, executed unto the executor the defendant Philip, a deed conveying all his title, interest and claim in the said negroes to dispose thereof as the will directs. This conveyance and relinquishment of title was executed freely and advisedly without any undue influence, importunity, threats or misrepresentation.
 

 Upon these facts it is our duty to dismiss the bill with costs.
 

 Per Cueiam. ■Bill dismissed with costs.