Battle, J.
 

 There was certainly no delivery of the deed in question. The donor never intended to part with his control over it. Mr. Boggan took it, and was to keep it, not for the donee, but for the donor himself; and there was, therefore, the want of an essential ingredient of a delivery, to wit, the putting of it out of the possession of the donor without his retaining any power or authority to control it.
 
 Baldwin
 
 v.
 
 Maltsby, 5
 
 Ired. Rep. 505 ;
 
 Phillips
 
 v.
 
 Houston, 5
 
 Jones’ Rep. 302.
 

 As there was no delivery of the instrument to make it operate as a deed, another question arises: was it so incorporated in the alleged donor’s will as ft make it operate as a devise of the land to the defendant ? It is very clear that the clause of the will relied upon for that purpose, cannot have that effect. There is no particular deed of gift described, or referred to, and, therefore, the uncertainty and ambiguity is patent upon the face of the will, and cannot he aided by parol proof.
 
 Chambers
 
 v.
 
 McDaniel,
 
 6 Ired. Rep. 226.
 

 The testimony offered and rejected, was manifestly irrelevant and incompetent.
 
 We
 
 are not certain that we know for what purpose it was offered; and we are very sure that we cannot perceive any purpose it could have answered. It formed no part of the instrument, and it could not prove, or tend to prove, a delivery; and we are surprised that it was offered at all. There is no error in the judgment below.
 

 Per Curiam,
 

 Judgment affirmed.