W. H. WOLF & CO. v. J. W. L. ARTHUR.

*Fraudulent Intent—Evidence.*

1. No question is competent which puts the witness in giving an answer to it in the place of the jury, or offers his opinion for their adoption upon a matter involved in the issues, or upon some question of fact to be passed upon by them preliminary to a finding upon an issue; therefore

2. Where, in a proceeding to determine the validity of an order of arrest, the issue was as to whether a deed had been executed by the defendant with intent to defraud his creditors, etc., it was error to permit the grantees to answer a question whether the trade between them and defendant was a *bona fide* transaction and without fraud.

MOTION to vacate an order of arrest, heard, upon the submission of an issue of fraud to the jury, at Fall Term, 1892, of SWAIN Superior Court, before *Bynum, J.*

The following issue was prepared by the Court and submitted to the jury, to-wit: "Did the defendant, J. W. L. Arthur, dispose of his property to Collins and Allison with an intent to defraud his creditors?"

Counsel for defendant Arthur proposed to ask the witness Collins "whether the trade between witness and Arthur was a *bona fide* transaction," to which question the plaintiffs objected—(1) because it was asking the witness to state a

conclusion of law; (2) it was asking the witness to state an opinion, and not facts. Counsel for defendant proposed to ask the same question of the witness Allison, and to this question the plaintiffs interposed the same objections, and upon the same grounds; both of which objections were overruled, to which the plaintiffs excepted, and the said witnesses were allowed to testify that said transaction was *bona fide* and without fraud.

The jury responded to the issue in the negative, and from a judgment vacating the order of arrest the plaintiffs appealed.

*Messrs. Fry & Newby,* for plaintiffs (appellants).
No counsel *contra.*

AVERY, J. (after stating the facts): No question is competent which puts the witness, in giving an answer to it, in the place of the jury and substitutes his opinion for theirs, or offers his opinion for their adoption upon a matter involved in the issues or upon some question of fact to be passed upon by them preliminary to a finding upon an issue. Best on Ev., sec. 512. The inquiry to which the attention of the jury was being directed was whether a deed was executed in good faith by Arthur, the defendant, to the witness and one Allison, or with intent to hinder, delay or defraud his creditors. As to a question of fact, the intent of Arthur was actually known only by himself, and the jury could not form an opinion as to his *bona fides*, except upon his direct denial or admission, or upon circumstances related by other witnesses tending to show his intent. The witness Collins was competent to show his own good faith and to negative the expression to himself of a purpose on the part of Arthur to defraud his creditors or to prove any circumstance calculated to throw light upon the intent of Arthur.

When, however, the question was so framed that Collins was left at liberty to declare that Arthur acted in good faith, he stated what he could not know, what must have been his opinion either as a fact or upon the law arising on the facts. The presiding Judge would not have been warranted in stating to the jury what his conclusions of law and fact were, and the witness could not be permitted to give his opinion as to the existence or absence of a fraudulent purpose, which opinion must have been founded upon the testimony of other witnesses, or his own knowledge of circumstances which he was at liberty, in response to proper questions, to impart to the jury. Of course he could not be allowed, in the face of objection, first to usurp the province of the jury and find the facts, and then the office of the Judge and give an opinion upon the law arising on his own findings.

Since we are of opinion that there was error in admitting the testimony to which objection was made, it is not necessary to pass upon the other assignments of error, and upon the record sent up we might fall into error in doing so. But the attention of the parties may with propriety be called to the probable bearing of the opinions in *Beasley* v. *Bray*, 98 N. C., 266, and in *Barber* v. *Buffaloe*, 111 N. C., 206, upon the right of a debtor to assign or sell his goods after execution has been issued on a docketed judgment.

For error in the admission of the testimony mentioned there must be a       New Trial.