# Annie Jones *v.* Pennsylvania Canal Company, Appellant.

*Negligence—Bridge over canal—Contributory negligence—Question for jury.*

A bridge over a river and a footbridge over a canal near the end of the river bridge were swept away by a flood. Within less than six months thereafter both bridges were reconstructed, except the approach to the canal bridge. At that point, a ditch from five to seven feet long and from two ·to three feet deep extended across the footwalk between the two bridges. Diagonally across the ditch, and connecting the wagon road with the footwalk of the canal bridge, was laid a heavy plank ten or twelve feet long, and ten or twelve inches wide. The footwalk was a continuation of the sidewalk, and had been open from the time the canal company concluded the reconstruction of its bridge, until the night plaintiff was injured, which was a period of several weeks. Between the west end of the footwalk of the canal bridge and the east end of the county bridge a quantity of lumber had been piled up, so as to divert travel from that part of the roadway. Owing to illness plaintiff had been confined to the house, and had not crossed the bridges after their reconstruction, until the evening of the accident. About seven o'clock on the evening of the accident she crossed the footwalk of the canal bridge, and fell into the unguarded

ditch and was injured.   Although plaintiff had not crossed the reconstructed bridges, she knew that they had been open for travel for several weeks.   *Held*, that the question of the canal company's negligence and the plaintiff's contributory negligence was for the jury.

Argued May 26, 1896.   Appeal, No. 294, Jan. T., 1896, by defendant, from judgment of C. P. Perry Co., Nov. T., 1890, No. 3, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.
The facts appear by the opinion of the Supreme Court.

Defendant's points and answers thereto   among others were as follows:

1. If the washout into which the plaintiff fell, on February 23, 1890, was visible and manifest to the ordinary observer, it was the duty of the plaintiff to have avoided the hazard of taking to the footbridge in crossing the canal of the defendant, and to have gone by the manifestly safe way, the wagon bridge alongside, instead of the footbridge.   *Answer:* We submit it to you as a question of fact to determine whether this plaintiff could or did see the plank at the west end of the bridge.   And as we have instructed you in the general charge, if she knew the way was dangerous and could have avoided it she was bound to do so, or she cannot recover. [1]

5. The fact that the plaintiff found a plank resting on the west end of the footbridge was sufficient to put her upon notice and inquiry that there was something wrong at that point, and if she disregarded such notice and undertook to cross the hole on the plank, she was guilty of contributory negligence and cannot recover in this action.   *Answer:* Refused.   The question is one of fact for the jury to determine, whether that was sufficient notice or not to her and whether she was guilty of negligence in that particular. [5]

7. Under all the evidence in this case the plaintiff is not entitled to recover.   *Answer:* Refused. [7]

Verdict and judgment for plaintiff for $3,000.   Defendant appealed.

*Errors assigned* among others were (1, 5, 7,) above instructions, quoting them.

*B. F. Junkin,* for appellant, cited Erie v. Magill, 101 Pa. 616 ; Wilson v. Charlestown, 8 Allen, 137 ; Centralia v. Krouse, 64 Ill. 19 ; Durkin v. Troy, 61 Barb. 437 ; Butterfield v. Forrester, 11 East, 60.

*William H. Sponsler,* for appellee, cited Beach on Contributory Negligence, sec. 161 ; R. R. v. Van Steinburg, 17 Mich. 99 ; Wash v. Oregon R. & H. Co., 10 Ore. 250 ; Johnson v. Bruner, 61 Pa. 64 ; Longenecker v. P. R. R., 105 Pa. 332.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896 :

While the alleged negligence of defendant company, on which this action is founded, is not expressly conceded, it was so clearly established by the testimony that no jury could hesitate in finding the fact in favor of the plaintiff. Among other things, it was conclusively shown that the county bridge spanning the Juniata river at Millerstown, and the wagon and footbridge across defendant company's canal a few feet east of the river bridge, were swept away by the great flood of June, 1889. Within less than six months thereafter, both bridges were reconstructed with the exception of the approach to the footbridge across the canal near the east end of the river bridge. At that point, a ditch from five to seven feet long and from two to three feet deep extended across the footwalk between the two bridges. Diagonally across that ditch and connecting the wagon road with the footwalk of the canal bridge, was laid a heavy plank, ten to twelve feet long and ten or twelve inches wide. The footwalk was a continuation of the sidewalk, and had been open and unguarded from November, 1889, when the canal company completed the reconstruction of its bridge, until the night of the accident. Between the west end of the footwalk of the canal bridge and the east end of the county bridge a quantity of lumber was piled up so as to divert travel from that part of the roadway. From the time the bridges were swept away until the day of the accident, plaintiff had been confined to the house by protracted illness ; and the first time she crossed the bridges, after their reconstruction, was on her way to church on the evening of February 28, 1890, at 7 o'clock. On her way home, in crossing to the footwalk of the canal bridge, she fell into the unguarded ditch above referred to and was seri-

ously injured.    She testified in substance that in going to church
she crossed on the footwalk of the canal bridge and on the plank
referred to,—"did not know of any other way,"—"did not
know there was any danger,"—"knew there was a plank there,
but thought it was there because the bridge was that much
higher than it was before,"—"did not see that the plank was
over a hole,"—"thought it was there just so that you would not
have to make that step."

While the plaintiff had not previously crossed the recently
reconstructed bridges, she knew they had been thrown open for
travel and used by the public for several weeks.    She was there-
fore warranted in assuming that they were in a reasonably safe
condition for public travel, and proceed to cross as she had been
accustomed to do before they were destroyed by the flood.    In
reply to the question, "Did you look where you were going?"
her answer was, "No, sir; because the bridges looked to me as
they always did."    Relying on this answer and other testimony
relating to the degree of care exercised by plaintiff in crossing
and attempting to recross the footway of the canal bridge, etc.,
defendant company sought to impale her on the only sharp point
that is not conclusively settled by the undisputed evidence and
thus eliminated from the case; and accordingly the court was
requested to give binding instructions against her, on the ground
of contributory negligence.    The learned trial judge refused to
invade the province of the jury by arrogating to himself the
determination of questions of fact upon which the alleged con-
tributory negligence clearly depended; and he accordingly sub-
mitted to the jury the testimony relating thereto, with correct
and fully adequate instructions.    In affirming defendant's second
and third requests for charge, he instructed the jury, in the
words thereof, thus:

"2d. Every person of years of discretion, in traveling the
highways of the commonwealth, is bound to exercise common,
ordinary care and prudence to avoid dangerous places, and if he
does not, although the authorities having charge of such high-
ways may have been negligent in their duty, still if the traveler
has also been negligent in not avoiding the danger, the law has
no motive to interfere and assist them and leaves them where it
finds them.

"3d. If the jury believe that the plaintiff, Annie Jones, saw the

hole under the plank, she was guilty of negligence in trying to walk the plank.  She should have returned to the east end of the bridge and passed over the safe wagon bridge.".

These instructions were quite as favorable to the defendant company as it was entitled to.   The plaintiff testified that she did not see " the hole under the plank ; " and as to that fact she was impliedly, but nevertheless emphatically accredited by the verdict of the jury.   Whether she did or did not see " the hole under the plank," was one of the questions of fact that were specifically submitted to the jury, and if they had not determined it in her favor their verdict would necessarily have been for the defendant.   It was also contended that in the exercise of ordinary, reasonable care the plaintiff should have seen the hole, and, in the circumstances, the legitimate inference was that she knew it was there, etc.   If it be conceded that any such inference was possible, it certainly cannot be pretended that it was an inference of law to be drawn by the court.   As an inference of fact it was clearly for the jury.

In refusing to charge without qualification, as requested in plaintiff's fourth point, the learned court said : " This point is refused, unless you find from the evidence in the case that she did cross over on the plank on her way to the church, and she could and would see the danger at that time.   If such be the fact, then the point is affirmed."   There was surely no error in that ; nor was there any substantial error in the learned court's answers to defendant's first, fifth, sixth and seventh points. The only question in the case that could be at all regarded as worthy of any consideration was the question of plaintiff's alleged contributory negligence, and that was definitively settled by the verdict.   Aside from that, there was nothing else in the case to relieve the defendant from the just consequences of its manifest and inexcusable negligence.   The assignments of error are all overruled and the judgment is affirmed.