PARKER v. BROWN.

(Filed November 11, 1902.)

AGENCY—*Principal and Agent—Contracts—Contractor—Declarations—Evidence—Insufficiency.*

In this action to recover from the owner of a house for lumber used therein, the evidence is insufficient to show that the contractor was the agent of the owner of the house in purchasing the lumber.

ACTION by S. W. Parker and L. R. Hunt against J. S. Brown, heard by Judge *T. A. McNeill,* at April Term, 1902, of the Superior Court of GRANVILLE County. From a judgment of nonsuit, the plaintiffs appealed.

*H. M. Shaw,* and *J. W. Graham,* for the plaintiffs.
*T. T. Hicks,* and *A. A. Hicks,* for the defendant.

COOK, J. The bare representations or declarations made by Spencer, the contractor, to plaintiffs that he was buying the lumber for defendant, were not competent to prove agency for that purpose; *Jennings v. Hinton,* 128 N. C., 214; *Summerrow v. Baruch, Ibid.,* 202; *People v. Dye,* 75 Cal., 108; *Hubback v. Ross,* 96 Cal., 426; *Bergtholdt v. Porter,* 114 Cal., at page 689; and were therefore properly excluded. So,

the second,, third, fourth and fifth exceptions can not be sustained. Spencer was a contractor, and had contracted to repair and remodel defendant's dwelling house for a lump sum, $1,383.50, and to furnish all the material, so that the single fact that the *lumber* was used in repairing the house for defendant would not be any evidence of a ratification of such representations as Spencer may have made to plaintiffs.

Whether the relation of principal and agent had been created depended upon the authority or power delegated. *What* that authority was, is a question of fact; its effect a question of law; therefore the Court properly excluded the plaintiffs' question (to which the first exception is taken), "If he (Spencer) was the agent of Brown for the purchase of the lumber?" The agency being in dispute, the express or implied authority to act must be shown. The facts being shown, then, whether the relation of principal and agent is created becomes a question of law for the Court to declare, and not for the witness.

We think his Honor properly sustained defendant's motion to nonsuit under the statute (to which exceptions six and seven were taken). It was a "turnkey" job. Spencer was his own principal in the purchase of lumber. He quit the job before completing it, leaving nothing due to him by defendant. No authority appears from the evidence to have been given Spencer to purchase lumber for Brown. "Brown asked me (Spencer) if I (Spencer) expected him to pay the bills for material which I was buying. I replied that I had no money to pay for the same, and would expect him to do it." To which Brown made no reply. This is relied upon by plaintiffs as some evidence to show agency, but we do not think it does. Brown did not consent to do so. His silence was not an assent. Neither party acted upon it, for he completed the job (except about $40 worth of work to be done), and Brown did not buy or pay for a single item; nor was he requested to do so.

Parker, one of the plaintiffs, testified that Spencer desired to use a cheaper grade of lumber. Plaintiffs, from whom he was buying, had none of that kind on hand, but informed the defendant and Spencer that they had a better grade of the same kind of lumber, which they would furnish at an advanced price. Spencer objected to paying for the better grade at the advanced price, and Brown thereupon put his hand in his pocket, took out some money and tendered and paid to plaintiffs the difference between the price which Spencer wanted to pay for the lumber and the price plaintiffs charged for lumber furnished; and this high-priced lumber was charged against Spencer at the price asked for the cheap lumber. This is no evidence that Brown had agreed to pay the bills of lumber, but tends to show the contrary.

The conversation between plaintiffs and Brown about the bill in suit negatives the alleged agency. Brown told plaintiffs to get an order from Spencer and he would pay it. Plaintiffs (Parker) told Brown that Spencer was fractious, and he did not want to offend him; that one Turner, a lumber man, had followed Spencer up too closely with a bill, and that Spencer had quit trading with him, and that he (Parker) did not desire to lose him as a customer.

Nor does it establish any liability against Brown on account of such promise. The promise was to pay Spencer's order if plaintiff's would get one. This they did not then do, while Brown was in debt to him, which was in November. But on the 28th of March following, *after* Spencer had quit the job and when defendant did not owe him anything, they got an order, and this defendant refused to pay. His liability on this account, however, is not seriously pressed, and as such contention could not be sustained, we will not discuss it.

There being no error in the ruling of the Court in excluding the evidence excepted to, and no evidence tending to show that defendant was liable for the bill sued upon, his Honor properly sustained the motion to nonsuit under the statute.

No Error.