HAIRE v. HAIRE.

(Filed April 10, 1906).

*Dower—Seizin of Husband—Conveyance before Marriage— Deed Unrecorded.*

1. The seizin of the husband in order to support dower must be seizin in law; not only actual or constructive possession, but the legal right to possession.

2. Where a man executed and delivered a deed to a tract of land prior to his marriage and remained on the land up to his death, and the deed was not recorded until after his death, his widow is not entitled to dower.

SPECIAL proceeding for dower by Lenore Haire against Owen L. Haire and others, heard by *Judge G. S. Ferguson* and a jury, at the December Term, 1905, of the Superior Court of ANSON.

The plaintiff moved for judgment upon the admissions in the answer, which was granted, and from the judgment rendered, allotting dower, defendants appeal.

*Jas. A. Lockhart* for the plaintiff.
*Bennett & Bennett* for the defendants.

BROWN, J.    According to the answer of Daniel L. Smith, answering for himself and infant defendants, W. M. Haire and his first wife, Christian, on the 17th of March 1888, executed a deed in fee for the lands described in the petition for dower to Rosa Smith and Alpha A. Teal; that the grantor delivered said deed in the presence of his wife to the defendant Smith with the declaration that he should keep it; that the said Smith did keep it for the grantees until the death of the grantor; that grantor never knew that the deed was not recorded, and that it was Smith's carelessness that it was not recorded until the day after W. M. Haire's death. After the death of his first wife, the grantor married petitioner, who claims dower in the land.    Haire remained on the land up to the time of his death.

The petitioner contends that marriage is a civil contract and constitutes a valuable consideration; that by it the *feme* acquires in the quality of a purchaser an estate for the term of her life in one-third in value of the lands wherein her husband is seized of an estate of inheritance; that since chapter 147 of the Public Laws of 1885, commonly known as the Connor Act, now brought forward in the Revisal of 1905, sections 979 and 980, went into effect, the deed of her husband, made prior to the marriage with her, is not operative to defeat her dower unless it was registered before her marriage.    She contends that the right of dower is entitled to the same standing before the courts as the rights of purchasers of estates in lands, and for this reason, it being admitted that the deed was not registered, she is, upon the pleadings, entitled to judgment for dower.

The fallacy of plaintiff's contention consists in assuming that she is a purchaser for value within the terms of the act referred to.    There is no contract between husband and wife in respect to curtesy or dower.    Neither is, therefore, creditor or purchaser as to the other.    The wife's right to dower is derived solely from the statute conferring and defining it

and not by reason of any contract with the husband. It is given by law and even against the husband's will. *Chief Justice Ruffin* says that the interest the one gets in the property of the other is given by law for the encouragement of matrimony. *Norwood v. Marrow,* 20 N. C., 587. The plaintiff must rest her claim solely upon the seizin of the grantor, her husband. Such seizin in order to support dower must be seizin in law; not only actual or constructive possession, but the legal right to possession. *Redding v. Vogt,* at this term. It follows, therefore, that, if the delivery of the deed, although unrecorded, was sufficient to defeat the husband's seizin, plaintiff's right to dower must fail. *Blood v. Blood,* 40 Mass. (23 Pick.), 85. At common law, to entitle her to dower, plaintiff must show seizin of her husband during coverture. The unrecorded deed is good against him. By force of it he parted with his right to possession, his seizin in law; so that at no period during coverture was plaintiff's husband both seized and possessed of the land described in the petition. In a case similar to this the Supreme Court of Maine says: "The demandant had no rights in the land which could be affected by the matter of the registry of the mortgage. Her inchoate right of dower was no more a *right* of dower in the land, than is an acorn an oak. It was immaterial to her so far as legal rights were concerned whether the mortgage was recorded or not. She had no right of dower while her husband lived, and when he was dead she was dowable only of lands of which he had been seized during her coverture, and he was not seized of the land which he had previously conveyed, whether his grantee had caused his deed to be recorded or not." *Richardson v. Skolfield,* 45 Maine, 389.

As a matter of convenient practice, His Honor should have reserved the question presented on this appeal, and have submitted to the jury the issue raised by the pleadings as

to the actual delivery of the deed, and had a finding upon that vital matter. Then the case could have been finally determined. As it is, there must be a new trial now to determine that issue.

New Trial.