### H. G. MINTON v. T. W. FERGUSON.

(Filed 9 October, 1935.)

**Libel and Slander D d: Evidence K a—In action for libel witnesses may not testify they understood defendant to be actuated by malice.**

It is incompetent for plaintiff's witnesses, in an action for slander, to testify, in response to questions of what they understood the article in question to mean, that they understood it as actuated by malice, and defendant's motion to strike out should have been allowed, since the answers were not responsive to the questions and the opinion evidence invaded the province of the jury, the question of malice being one of the issues involved.

APPEAL by defendant from *Clement, J.*, at June Term, 1935, of WILKES.

Civil action for libel, tried upon the following issues:

"1. Did the defendant cause to be published of and concerning the plaintiff the article appearing in *The Wilkes Journal*, as set out in Paragraph IV of the complaint? Answer: 'Yes.'

"2. Were the matters and things published of and concerning the plaintiff in said article true? Answer: 'No.'

"3. Did the defendant maliciously write and publish said article containing the charges therein? Answer: 'Yes.'

"4. What amount of actual damage, if any, is the plaintiff entitled to recover of the defendant? Answer: '$300.00.'

"5. What amount of punitive damage, if any, is the plaintiff entitled to recover of the defendant? Answer: '$100.00.' "

The following testimony was admitted over objection of the defendant:

"Q. Captain Williams, when you read the article that was published on 16 July, 1931, what did you take the article to mean with reference to Mr. Minton?

"A. I just thought it was malice. I thought it was done through malice, that is all." Motion to strike; overruled; exception.

"Q. Mr. Jones, will you state now what you understood the article to mean when you read it?

"A. Well, knowing that Mr. Ferguson was mad at Mr. Minton—I thought that the article was written to damage and slander Mr. Minton. That was the way I understood it." Motion to strike; overruled; exception.

Judgment on the verdict, from which the defendant appeals, assigning errors.

*J. H. Whicker and Trivette & Holshouser for plaintiff.*
*Charles G. Gilreath and Parrish & Deal for defendant.*

STACY, C. J. The testimony of Captain Williams and Mr. Jones as to their understanding or interpretation of the alleged libelous article was incompetent and should have been excluded. *Trust Co. v. Cash Store,* 193 N. C., 122, 136 S. E., 289; *Marks v. Cotton Mills,* 135 N. C., 289, 47 S. E., 432. Even if the questions propounded were proper (which may be doubted, as the language of the article seems clear, *Pitts v. Pace,* 52 N. C., 558), the answers were not responsive to the questions, and they violate the rule against lay witnesses invading the province of the jury. *Stanley v. Lumber Co.,* 184 N. C., 302, 114 S. E., 385; *Marshall v. Tel. Co.,* 181 N. C., 292, 106 S. E., 818. Whether the defendant was actuated by malice or ill will was one of the issues in the case. *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123; *Stevenson v. Northington,* 204 N. C., 690, 169 S. E., 622. The motions to strike should have been allowed. *Denton v. Milling Co.,* 205 N. C., 77, 170 S. E., 107.

New trial.