ARMINDA BALLARD v. ARTHUR BALLARD, SHERMAN BALLARD, CALLIE ROACHESTER, AND LEVI G. BUCKNER.

(Filed 28 September, 1949.)

**1. Deeds § 1a—**

The word "deed" ordinarily denotes an instrument in writing, signed, sealed and delivered by the grantor, whereby an interest in realty is transferred from the grantor to the grantee.

**2. Deeds § 5—**

The requisites to the valid delivery of a deed are (1) an intention on the part of the grantor to give the instrument legal effect according to its purport and tenor; (2) the evidencing of such intention by some word or act disclosing that the grantor has put the instrument beyond his legal control; and (3) acquiescence by the grantee in such intention.

**3. Same—**

Manual possession of the instrument by the grantee is not essential to delivery, delivery to some third person for his benefit being sufficient.

**4. Same—**

The recording of the instrument by the grantor or his leaving it with the proper officer for recording with the intention that it shall thereby pass title to the grantee according to its purport and tenor, if followed by the assent of the grantee, constitutes an effective delivery, and, until the contrary is shown, assent of the grantee in such instance will be presumed if the conveyance be beneficial to him, even though he has no knowledge of the transaction.

**5. Evidence § 27½—**

A witness is not competent to testify as to the nonexistence of a fact when his situation with respect to the matter is such that the fact might well have existed without the witness being aware of it. In the instant case the witness was permitted to testify that the instrument in question did not exist until eleven months after its purported execution and acknowledgment, that contrary to the recital in the instrument no consideration was actually paid, and that it was not delivered, and there were no facts or circumstances adduced indicating that the witness had any personal knowledge of any of these matters.

**6. Evidence § 49½: Deeds § 5—**

Whether a deed has been delivered presents a mixed question of law and fact, and therefore the conclusion of a witness that a deed "was never delivered" embodies an opinion as to law, and is incompetent.

**7. Evidence § 45—**

A witness may not give his conclusion as to a matter which involves his opinion of another person's intention in a particular transaction.

**8. Appeal and Error § 40i—**

The Supreme Court may not ignore incompetent evidence admitted in the trial below in passing upon an exception to the refusal to nonsuit, since

the exception does not present for review errors committed by the trial court in admitting testimony; and the motion will not be allowed on appeal even though the competent evidence, standing alone, is insufficient to carry the case to the jury, since if the incompetent evidence had been excluded, the plaintiff might have followed a different course in the trial court.

**9. Appeal and Error § 39b—**

Error relating to one issue alone cannot be held harmless because of the answer to another issue when such other issue is not determinative of the rights of the parties.

**10. Deeds § 3—**

With the exception of certain statutory provisions relating solely to conveyances by married women, acknowledgment is not necessary to the validity of a deed, and a deed without valid acknowledgment is effective as a transfer of title as between the parties and their heirs, the office of an acknowledgment being merely to entitle the deed to registration, and registration being necessary to its validity only as against creditors and purchasers for value. G.S. 47-18.

**11. Dower § 2—**

An unacknowledged deed bars the claim of dower of the widow of the grantor if the signing, sealing and delivery of the instrument occurs before marriage.

APPEAL by defendant, Levi G. Buckner, from *Moore, J.,* and a jury, at April Term, 1949, of MADISON.

Certain events preceding this judicial contest are not in dispute. They are set forth chronologically in the next four paragraphs.

On 28 January, 1914, J. T. Ballard was a widower with two children: Sherman M. Ballard and Callie Roachester. Prior to that date he acquired title in fee simple to 71 acres of mountain land near his home in Middle Fork Township in Madison County. The tract was in the main heavily timbered, but contained some arable clearings.

Sometime in 1914, J. T. Ballard, who had had experience as a magistrate, drafted, signed, and sealed a certain written instrument, which he dated 28 January, 1914. This document was in form a warranty deed based on a valuable consideration of $100.00 and purported to convey 61 acres out of the 71 acre tract to Sherman M. Ballard in fee, subject, however, to a term of 21 years reserved by J. T. Ballard. It bore a certificate of acknowledgment in the customary form reciting that on January 28, 1914, J. T. Ballard "acknowledged the due execution of the . . . deed" before W. L. Hensley, a justice of the peace of Madison County, and was recorded in the office of the Register of Deeds of Madison County on 16 December, 1914, pursuant to an order of registration which was made on 15 December, 1914, by W. A. West, Clerk of the Superior Court of Madison County, and which adjudged the "certificate

of W. L. Hensley, a justice of the peace of Madison County . . . to be in due form and according to law." The writing expressly stipulated that J. T. Ballard had "the right to pay the taxes" on the 61 acres.

On August 24, 1920, J. T. Ballard contracted a second marriage with the plaintiff, Arminda Ballard, and had by her one child, Arthur Ballard.

In 1930, Sherman M. Ballard fled North Carolina to escape prosecution for willfully abandoning his wife, Matilda Ballard, without providing an adequate support for her and the four small children he had begotten upon her, and since that time his whereabouts have been unknown. J. T. Ballard died intestate 4 February, 1941.

This litigation began on 21 November, 1946, when Arminda Ballard filed a petition against Arthur Ballard, Sherman M. Ballard, Callie Roachester, and Levi G. Buckner in the Superior Court of Madison County, asking that dower be assigned to her in the entire 71 acre tract in her capacity as widow of J. T. Ballard. Personal service was had on all persons designated as defendants except Sherman M. Ballard, and service by publication was ostensibly obtained as to him on the theory that he was a living nonresident.

No pleadings were filed in the names of Arthur Ballard or Sherman M. Ballard. Callie Roachester answered, asserting that she and Arthur Ballard and Sherman M. Ballard owned the entire 71 acre tract as tenants in common, subject, however, to the dower right claimed by plaintiff. The defendant, Levi G. Buckner, who was made a party to the proceeding as a person claiming an estate in the land, filed an answer pleading *sole seizin* of a portion of the 71 acre tract, *i.e.,* the 61 acres described in the written instrument bearing date 28 January, 1914. The proceeding was transferred to the court at term for trial by jury of the issue of title to the 61 acres raised by the plea of the defendant, Levi G. Buckner.

When the case was tried, the defendant, Levi G. Buckner, claimed that he had owned the 61 acres in fee simple since 10 February, 1944, under *mesne* conveyances from Sherman M. Ballard, the person named as grantee in the writing dated 28 January, 1914, and introduced documentary evidence sufficient in form to sustain his position in this respect. Besides, he presented testimony indicating that subsequent to the date of the instrument in controversy J. T. Ballard declared he had transferred the 61 acres to Sherman M. Ballard, and that the latter had manifested his acceptance of the transfer by executing a conveyance of the interest which the instrument purported to vest in him.

The plaintiff attacked the validity of the claim of title advanced by the defendant, Levi G. Buckner, on the theory that there had been no delivery of the alleged deed of 28 January, 1914. The plaintiff offered evidence tending to show that J. T. Ballard had possession of the instru-

ment in question after the date of its registration, and that he cultivated the lands therein described, and paid the taxes thereon until he died. Although it did not appear that the plaintiff had had any opportunity to acquire any personal knowledge of the affairs of J. T. Ballard or Sherman M. Ballard prior to her marriage to the former on 24 August, 1920, she testified in person that the instrument in controversy did not exist until eleven months after the date of its purported execution and acknowledgment; that Sherman M. Ballard did not pay J. T. Ballard $100.00 for the 61 acres as recited in the instrument; that Sherman M. Ballard never saw the instrument; and that the instrument "was never delivered" to Sherman M. Ballard by J. T. Ballard. The defendant, Levi G. Buckner, challenged the admissibility of this evidence by objections and motions to strike, and reserved exceptions to adverse rulings thereon. The plaintiff was also permitted to state that she knew the handwritings of J. T. Ballard and W. L. Hensley, and that the signature on the certificate of acknowledgment purporting to be that of W. L. Hensley was in the handwriting of J. T. Ballard rather than that of W. L. Hensley.

Issues were submitted to and answered by the jury as follows:

1. Is the petitioner, Mrs. Arminda Ballard, the widow of J. T. Ballard? Answer: Yes.

2. Was the alleged deed from J. T. Ballard to Sherman Ballard acknowledged by J. T. Ballard? Answer: No.

3. If so, was said alleged deed delivered by J. T. Ballard to Sherman Ballard? Answer: No.

The court entered judgment on the verdict adjudging that the plaintiff was entitled to dower in all portions of the 71 acre tract, including the 61 acres described in the alleged deed of 28 January, 1914, from J. T. Ballard to Sherman M. Ballard; that such alleged deed was void; and that the 61 acres described therein belonged to Arthur Ballard, Callie Roachester, and the defendant, Levi G. Buckner, in equal shares as tenants in common, subject to the dower of the plaintiff.

The defendant, Levi G. Buckner, excepted to the provisions of the judgment relating to the 61 acres and the alleged deed of 28 January, 1914, and appealed therefrom to this Court, assigning errors.

*J. M. Baley, Jr., and W. E. Anglin for the plaintiff, appellee.*

*C. P. Randolph for the defendant, Callie Roachester, appellee.*

*Calvin R. Edney and J. W. Haynes for the defendant, Levi G. Buckner, appellant.*

ERVIN, J. The word "deed" ordinarily denotes an instrument in writing, signed, sealed, and delivered by the grantor, whereby an interest

in realty is transferred from the grantor to the grantee. *Strain v. Fitzgerald,* 128 N.C. 396, 38 S.E. 929; *Fisher v. Pender,* 52 N.C. 483. The requisites to the valid delivery of a deed are threefold. They are: (1) An intention on the part of the grantor to give the instrument legal effect according to its purport and tenor; (2) the evidencing of such intention by some word or act disclosing that the grantor has put the instrument beyond his legal control, though not necessarily beyond his physical control; and (3) acquiescence by the grantee in such intention. *Blades v. Trust Co.,* 207 N.C. 771, 178 S.E. 565; *Burton v. Peace,* 206 N.C. 99, 173 S.E. 4; *Gulley v. Smith,* 203 N.C. 274, 165 S.E. 710; *Gillespie v. Gillespie,* 187 N.C. 40, 120 S.E. 822; *Rogers v. Jones,* 172 N.C. 156, 90 S.E. 117; *Lynch v. Johnson,* 171 N.C. 611, 89 S.E. 61; *Lee v. Parker,* 171 N.C. 144, 88 S.E. 217; *Butler v. Butler,* 169 N.C. 584, 86 S.E. 507; *Huddleston v. Hardy,* 164 N.C. 210, 80 S.E. 158; *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028; *Fortune v. Hunt,* 149 N.C. 358, 63 S.E. 82; *Smith v. Moore,* 149 N.C. 185, 62 S.E. 892, rehearing denied 150 N.C. 158, 63 S.E. 735; *Tarlton v. Griggs,* 131 N.C. 216, 42 S.E. 591; *Bailey v. Bailey,* 52 N.C. 44; *Gibson v. Partee,* 19 N.C. 530; *Kirk v. Turner,* 16 N.C. 14; *Moore v. Collins,* 15 N.C. 384; *Morrow v. Williams,* 14 N.C. 263; *Ward's Executors v. Ward,* 3 N.C. 226. But manual possession of the instrument by the grantee is not essential to delivery. It is sufficient if the grantor delivers the writing to some third person for the grantee's benefit. *McMahan v. Hensley,* 178 N.C. 587, 101 S.E. 210; *Buchanan v. Clark,* 164 N.C. 56, 80 S.E. 424; *Barnett v. Barnett,* 54 N.C. 221; *Wesson v. Stephens,* 37 N.C. 559; *Gaskill v. King,* 34 N.C. 211; *Morrow v. Alexander,* 24 N.C. 388. Thus, there is an effective delivery where the grantor causes the written instrument to be recorded, or leaves it with the proper officer for recording with the intention that it thereby shall pass title to the grantee according to its purport and tenor, and the act of the grantor is accompanied or followed by the assent of the grantee. *Robbins v. Rascoe,* 120 N.C. 79, 26 S.E. 807, 38 L.R.A. 238, 58 Am. St. Rep. 774; *Phillips v. Houston,* 50 N.C. 302; *Ellington v. Currie,* 40 N.C. 21; *Snider v. Lackenour,* 37 N.C. 360. In such cases, assent on the part of the grantee is presumed until the contrary is shown if the conveyance be beneficial to him. This is so although the transaction occurs without the grantee's knowledge. *Buchanan v. Clark, supra; Tate v. Tate,* 21 N.C. 22; 16 Am. Jur., Deeds, section 389.

The legal battle at the trial was waged around the crucial question of whether the alleged deed of 28 January, 1914, had been delivered to Sherman M. Ballard or to some third person for his benefit by J. T. Ballard. There was testimony for the defendant, Levi G. Buckner, tending to show such delivery even apart from the rebuttable presumption of delivery arising from the probate and registration of the instrument.

*Cannon v. Blair,* 229 N.C. 606, 50 S.E. 2d 732; *Johnson v. Johnson,* 229 N.C. 541, 50 S.E. 2d 569.

The plaintiff took the stand in her own behalf for the avowed purpose of establishing the non-delivery of the alleged deed. The defendant, Levi G. Buckner, reserved exceptions to the rulings of the trial court permitting plaintiff to testify that the instrument in controversy did not exist until eleven months after the time of its purported execution and acknowledgment; that Sherman M. Ballard did not pay J. T. Ballard $100.00 for the 61 acres as recited in the instrument; that Sherman M. Ballard never saw the instrument; and that the instrument "was not delivered" to Sherman M. Ballard by J. T. Ballard. No facts or circumstances were adduced at the trial indicating that plaintiff had any personal knowledge of any of these matters. This being so, the testimony ought to have been excluded on the ground that a witness cannot be allowed to testify to the nonexistence of a fact, where his situation with respect to the matter is such that the fact might well have existed without his being aware of it. *Byrd v. State,* 17 Ala. App. 301, 84 So. 777; *Compton v. Pender,* 132 Ga. 483, 64 S.E. 475; *McCosker v. Banks,* 84 Md. 292, 35 A. 925; *Buxton v. Alton-Dawson Mercantile Co.,* 18 Okla. 287, 90 P. 19.

Other considerations also demanded the exclusion of the plaintiff's statement that the deed in controversy "was never delivered" to Sherman M. Ballard by J. T. Ballard. An issue of whether a deed has been delivered presents a mixed question of law and fact. *Henry v. Heggie,* 163 N.C. 523, 79 S.E. 982; *Smith v. Moore, supra.* Hence, the admission of the plaintiff's conclusion violated the evidential principle that a witness may not give testimony which embodies his opinion as to law. *Hart v. Gregory,* 218 N.C. 184, 10 S.E. 2d 644; *Denton v. Milling Co.,* 205 N.C. 77, 170 S.E. 107; *Trust Co. v. Store Co.,* 193 N.C. 122, 136 S.E. 289; *Parker v. Brown,* 131 N.C. 264, 42 S.E. 605; *Wolf v. Arthur,* 112 N.C. 691, 16 S.E. 843. Furthermore, the conclusion of the plaintiff that there had been no delivery of the deed necessarily involved upon the record presently presented either a negation of an intent on the part of J. T. Ballard to pass title to Sherman M. Ballard, or the negation of a purpose on the part of Sherman M. Ballard to accept title. Thus, the evidence under consideration was also inadmissible under the rule of evidence which precludes a witness from expressing his opinion of another person's intention in a particular transaction. Stansbury: North Carolina Evidence, section 129; *Fenner v. Tucker,* 213 N.C. 419, 196 S.E. 357; *Minton v. Ferguson,* 208 N.C. 541, 181 S.E. 553; *Wolf v. Arthur, supra; S. v. Vines,* 93 N.C. 493.

The admission of this evidence constituted prejudicial error under the circumstances disclosed by the record, entitling the defendant, Levi G. Buckner, to a new trial on his plea of *sole seizin.*

The defendant, Levi G. Buckner, contends, however, that we should proceed further, and sustain in this Court his motion for a compulsory nonsuit, which was denied in the court below.

He asserts upon this phase of the case that the recorded deed of 28 January, 1914, was a lion in plaintiff's path, barring her claim to dower in the 61 acres, and that the only competent testimony presented by plaintiff at the trial was that relating to the custody of the deed and the possession of the land after the date of registration of the deed. He insists that the testimony adduced in plaintiff's behalf indicating that J. T. Ballard had custody of the deed and exercised acts of ownership over the land therein described subsequent to the recordation of the instrument had no legitimate or logical tendency to show non-delivery because it was consonant with the rights which J. T. Ballard expressly reserved in the property by the instrument itself, and the relationship which he bore to Sherman M. Ballard. *Cannon v. Blair, supra;* 26 C.J.S., Deeds, section 184.

This argument would exert a very persuasive force on the present record if we were at liberty to ignore the incompetent evidence given by the plaintiff in person. But this we cannot do.

A motion for a compulsory nonsuit under G.S. 1-183 is designed simply to test the legal sufficiency of the evidence to take the case to the jury and support a verdict in plaintiff's favor. It does not present for review errors committed by the court in admitting testimony. Upon a motion for a compulsory nonsuit under the statute, all relevant evidence admitted by the court must be accorded its full probative force, irrespective of whether it has been erroneously received. 64 C.J., Trial, section 398.

Here the incompetent evidence tended to support the plaintiff's claim of non-delivery, and was considered by the trial court when it ruled against the motion. In conformity to the accepted practice, there must be a new trial for error in receiving the incompetent testimony. But the motion for nonsuit cannot be sustained in this Court, even if it be taken for granted that the competent testimony, standing alone, was insufficient to carry plaintiff's case to the jury. "Though the court below, in denying the motion, acted upon evidence which we now hold to be incompetent, yet, if this evidence had not been admitted, the plaintiff might have followed a different course." *Midgett v. Nelson,* 212 N.C. 41, 192 S.E. 854.

We are unable to accept the suggestion that the negative answer of the jury to the second issue supports the judgment and renders the admission of the incompetent evidence harmless error. This is true because

this finding of the jury is not determinative of the controversy between the parties. Indeed, it is evident that the submission of the second issue arose out of a misapprehension as to the true function of an acknowledgment.

With the exception of certain statutory provisions relating solely to conveyances by married women and having no application to the instrument in suit, there is no statute making an acknowledgment essential to the validity of a deed. The office of an acknowledgment is merely to entitle a deed to registration. Under our statute, the recording of a deed is essential to its validity only as against creditors and purchasers for a valuable consideration. G.S. 47-18; *Hargrove v. Adcock,* 111 N.C. 166, 16 S.E. 16. It necessarily follows that a deed becomes effective as a transfer of title as between the parties to it immediately upon its execution and delivery notwithstanding the lack of an acknowledgment, and binds not only the parties but also their heirs. *Norwood v. Totten,* 166 N.C. 649, 82 S.E. 951; 1 C.J.S., Acknowledgments, section 12. Moreover, an unacknowledged deed bars the claim of dower of the widow of the grantor if the signing, sealing, and delivering of the instrument occurred before marriage. *Haire v. Haire,* 141 N.C. 88, 53 S.E. 340.

It is noted, in closing, that it has not been necessary to express any opinion as to the applicability of G.S. 8-51 to any of the testimony at the trial.

For the reasons stated, the verdict and judgment are set aside in so far as they relate to the alleged deed of 28 January, 1914, and the 61 acres therein described to the end that a new trial may be had in respect to the plea of *sole seizin* interposed by the defendant, Levi G. Buckner.

New trial.