IN RE APPEAL OF CORBETT

[138 N.C. App. 534 (2000)]

———————————

IN THE MATTER OF: APPEALS OF LEON H. & MARY L. CORBETT FROM THE DECISION OF THE PENDER COUNTY BOARD OF EQUALIZATION AND REVIEW CONCERNING THE VALUATION OF REAL PROPERTY FOR TAX YEAR 1998

No. COA99-923

(Filed 20 June 2000)

**Taxation— property valuation—single tract divided—no new appraisal—allocation of prior appraised value**

The County was without statutory authority to reappraise for tax purposes one tract of land as two tracts following a division of the land and the conveyance of one of the tracts. A county may not increase or decrease the appraised value of real property except in a general reappraisal or horizontal adjustment year unless specifically permitted within N.C.G.S. § 105-287, which permits under subsection (a)(3) an increase or decrease to recognize an increase or decrease in the value of the property. Any occurrence directly affecting the property which falls outside the control of the owner (and is not included within the scope of subsection (b)) is treated as a subsection (a)(3) factor, but the division and transfer of the property here was within the sole authority of the taxpayers. The case was remanded for an equitable allocation at the prior appraised value.

Appeal by petitioners Mary Louise Brown Corbett and Leon H. Corbett, Jr. from final decision entered 24 March 1999 by the North

**IN RE APPEAL OF CORBETT**

[138 N.C. App. 534 (2000)]

Carolina Property Tax Commission sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 25 April 2000.

*Leon H. Corbett, Jr. for petitioner-appellants.*

*C.B. McLean, Jr., for Pender County, respondent-appellee.*

GREENE, Judge.

Mary Louise Brown Corbett (Mrs. Corbett) and Leon H. Corbett, Jr. (Mr. Corbett) (collectively, Taxpayers) appeal from the final decision of the North Carolina Property Tax Commission (the Commission), sitting as the State Board of Equalization and Review, affirming the decision of the Pender County (the County) Board of Equalization and Review.

The record reveals the County's most recent general appraisal of real estate was effective 1 January 1995. In 1997, Taxpayers were the owners of a single 1.91 acre parcel of land bordering on Virginia Creek (the parent tract), which was improved with a single family residential structure. The parent tract was appraised by the County in the course of its 1995 general appraisal at a tax value of $196,610.00. This tax value remained in effect for tax years 1995, 1996, and 1997. On 6 December 1997, Taxpayers conveyed .69 acres of the parent tract (Wallin tract) to Mrs. Corbett's sister, Edna Brown Wallin (Wallin). Mr. Corbett stated Taxpayers received the parent tract from Mrs. Corbett's parents with the "understanding" Wallin "was supposed to have a piece" of the property, and the division and transfer "was to carry out [the] wish of [Mrs. Corbett's] parents."

In 1998, Harold Dean Triplett, the County's Assessor (Assessor), reduced the appraised value of the 1.22 acre tract of property retained by Taxpayers (Corbett tract) from $196,610.00 to $188,718.00. In 1998, Assessor valued the Wallin tract at $89,838.00. Taxpayers appealed the 1998 reappraisal of the Corbett tract to the County's Board of Equalization and Review. The County's Board of Equalization and Review affirmed the decision of the Assessor. Taxpayers thereafter appealed this decision to the Commission.

The final decision of the Commission affirmed the County's Board of Equalization and Review and found as pertinent facts:

9. Applying the 1995 schedule of values, rules, and standards, the . . . Assessor properly reassessed the [Corbett tract] to recognize the acreage change of the subject property.

10. Effective January 1, 1998, the [Corbett tract] was properly reassessed at a value of $110,099. . . .

Based on its findings of fact, the Commission made the following pertinent conclusions of law:

1. A county assessor has a duty to increase or decrease the assessed value of real property in a year not subject to reappraisal or horizontal adjustment to "recognize an increase or decrease in the value of the property resulting from a factor other than one listed in G.S. 105-287(b).["] (See G.S. [§] 105-287(a)(3).)

2. The . . . Assessor properly decreased the value of Taxpayers' property pursuant to G.S. § 105-287, when a portion of the land was conveyed by deed resulting in an acreage change to the subject property.

. . . .

5. The true value in money of Taxpayers' property effective for January 1, 1998 was $188,718 . . . .

The dispositive issue is whether the increase or decrease in the value of a tract of land formerly valued as one tract, caused by a division of that tract of land into two parts and the conveyance of one of those tracts to another, is a "factor" within the meaning of N.C. Gen. Stat. section 105-287(a)(3), justifying a revaluation of that tract of land.

A county may not, except in a "general reappraisal or horizontal adjustment" year, increase or decrease the appraised value of real property unless specifically permitted within section 105-287(a). N.C.G.S. § 105-287 (1999). Section 105-287(a)(3) permits an "increase or decrease [in] the appraised value of real property . . . [to r]ecognize an increase or decrease in the value of the property resulting from a factor other than one listed in subsection (b)." N.C.G.S. § 105-287(a)(3). The factors listed in subsection (b) are "depreciation of improvements," "economic changes," and "[b]etterments." N.C.G.S. § 105-287(b). If an increase or decrease in the value of the property, *caused* by a "factor" not listed in subsection (b), occurs, the property is to be revalued "in accordance with the schedules, standards, and rules used in the county's most recent general reappraisal or horizontal adjustment." N.C.G.S. § 105-287(c). Any "occurrence directly affecting the specific property, which falls outside the control of the owner," and not included within the scope of subsection (b), is properly treated as a subsection (a)(3) "factor." *In re Allred*, 351 N.C. 1,

12, 519 S.E.2d 52, 58 (1999). Thus, a county can increase or decrease the appraised value of real property under section 105-287(a)(3) only when: (1) there has been an "occurrence directly affecting the specific property, which falls outside the control of the owner," not included within the scope of section 105-287(b); and (2) there has been, in consequence of the occurrence, an increase or decrease in the value of the property.

If a property owner believes an appraisal by the county assessor is inaccurate, the taxpayer must complain to the county board of equalization and review and request a hearing. *MAO/Pines Assoc. v. New Hanover County Bd. of Equalization*, 116 N.C. App. 551, 557, 449 S.E.2d 196, 200 (1994). As the actions of the county in assessing the value of property are presumed to be correct, the taxpayer has the burden of establishing the inaccuracy of the revaluation. *Id.* at 556-57, 449 S.E.2d at 200.

In this case, the division of the 1.91 acre tract into two tracts and the conveyance of one of the tracts to Wallin "directly affect[ed]" the property, because it resulted in the creation of two tracts of land owned by different parties. The division and transfer of the property was, however, within the sole authority of Taxpayers, as there was no legal obligation to divide and transfer the property.[1] It follows the division and transfer was *not* a "factor" within the meaning of section 105-287(a)(3).[2] The County, therefore, did not have statutory authority to revalue the 1.91 acre tract, now owned by separate parties, as two separate tracts.[3]

The final decision of the Commission, being without statutory authority, must be reversed and remanded for an equitable allocation

---

1. There is evidence from Taxpayers that the 1.91 acre tract was received by them from Mrs. Corbett's parents with the "understanding" Wallin "was supposed to have a piece" of the property and the division and transfer "was to carry out [the] wish of [Mrs. Corbett's] parents." Thus, the evidence establishes Taxpayers had no *legal* obligation to divide and transfer the property to Wallin. Accordingly, Taxpayers have met their burden of showing the inapplicability of subsection (a)(3). Although the issue is not presented in this case, we acknowledge a division and transfer made pursuant to a *legal* obligation would appear to be outside the control of the transferor.

2. Because there is no subsection (a)(3) "factor" justifying a revaluation of the property, we need not reach the question of whether the division and transfer of the property also caused "an increase or decrease in the value" of the 1.91 acre tract.

3. As the decision to divide and transfer the property was within the control of Taxpayers, Wallin's decision to accept the transfer of the property was also within her control, as she was under no legal obligation to accept the deed from Taxpayers. *See Ballard v. Ballard*, 230 N.C. 629, 633, 55 S.E.2d 316, 319 (1949) (valid delivery of deed transferring interest in realty requires acquiescence by the grantee).

of the 1995 appraised value of the 1.91 acre between the Wallin and Corbett tracts. N.C.G.S. § 105-345.2(b)(2) (1999) (Court may reverse and remand decision of the Commission if affected by error of law).

Reversed and remanded.

Judges McGEE and EDMUNDS concur.