MRS. BELLE McGHEE PHIFER v. W. W. PHIFER.

(Filed 27 November, 1911.)

1. **Wills—Trusts and Trustees—Equitable Estates—Execution of Trusts—Dower—Demurrer.**

The widow is not entitled to dower in an equitable interest in lands of her husband, which is subject to certain trusts and changes, until they are satisfied; and, hence, unless it appears in the widow's proceedings for dower that they have been satisfied, a demurrer thereto will be sustained.

2. **Same.**

A testatrix who had received a life estate from her father in a certain amount, with limitation over to her children, by her will declared that advances had been made from the trust estate to two of the children, R being one of them, and, subject to the debts of the testatrix and to these advances, the said amount was to be equally divided among her children. It also appeared from the will that a part of the trust property had been given in part payment of a certain tract of land which the owner had contracted to convey to her. The widow of R claiming dower in certain of the lands, without allegation in the petition as to what had been done under the will, or that the trusts had been closed: *Held*, neither R nor his widow could have an estate in possession until these trusts and charges were satisfied, and that the widow of R consequently was not entitled to dower, upon the face of the petition, and hence a demurrer thereto should be sustained.

3. **Same—Active Trusts—Account.**

A will declaring a life estate in one of certain trustees, with a limitation over to the children of testatrix after discharging certain debts and the execution of certain trusts, declares an active trust, and vests no estate in the children until the execution of the trusts; but a mere right to have the trusts executed and the accounts stated, and there would, until then, be no seizin in one of the children of lands from which his widow's dower could be assigned.

4. **Dower — Equitable Estates — Seizin of Husband — Personalty— Trusts and Trustees—Advancements—Distribution.**

An estate in lands of a deceased husband from which his widow's dower may be assigned, whether legal or equitable, must be one of which the husband was seized. *Semble*, in this case,

the will should be construed that the land be sold and the proceeds divided, and therefore the interest of the husband would be personalty; that advancement had been made to the husband of more than his share of the fund; that the trustees were to divide the fund after certain children had been made to account for advancements, and *Patton v. Patton*, 60 N. C., 574, applied.

APPEAL from *W. J. Adams, J.,* at July Term, 1911, of MECKLENBURG.

This is a proceeding for the allotment of dower, the petitioner claiming as the widow of R. S. Phifer, who was one of seven children of M. M. Phifer.

The petitioner claims that her husband was seized of an estate of inheritance, legal or equitable, under the will of his mother, and her counsel says, in his brief, that her right depends on the construction of said will, and of two papers executed by the said R. S. Phifer, which are as follows:

I, Mary Martha Phifer, wife of William F. Phifer, being the equitable owner of certain real estate acquired by me by virtue of a contract of purchase thereof with Joseph H. Wilson, for which I hold his contracts in writing for the purchase of said property, which contracts are now in my possession, and upon which contracts of purchase a part of the purchase money has been paid and a part thereof is still owing to said Wilson, and being desirous of making disposition of my estate therein by last will and testament, do hereby make, publish, and declare this instrument of writing to be and contain my last will and testament, hereby revoking and declaring void all wills and writings in the nature of a will heretofore made by me, as explanatory of my will hereinafter contained, I declare that I have received an estate under the last will and testament of my father, W. E. White, deceased, of the value of $10,000, which estate by virtue of said will (which is on file in the office of the judge of probate of said county) was bequeathed to me for my sole, separate, and exclusive use during the term of my life, and at my death to be equally divided among my children, as will more fully appear by reference to said will. And whereas I have heretofore advanced to my sons, William W. Phifer and Robert S. Phifer, respectively, of said trust fund the fol-

lowing sums, to wit, to said William W. Phifer thirteen hundred dollars ($1,300), and to said Robert S. Phifer two thousand dollars ($2,000); and whereas my remaining five children, to wit, George M., Maie W., Cordelia W., Josephine H., and Edward W., have received nothing from said source; and whereas I have invested six thousand three hundred dollars ($6,300) of said trust estate, in part payment of the property purchased by me from Joseph H. Wilson, leaving four hundred dollars ($400) of said trust estate which is now in my hands invested in Rutherford  County bonds: Now, in view of the premises, I will and devise all my estate to my husband, William F. Phifer, 'and to my son William W. Phifer, in trust for the purpose hereinafter declared, with power to sell said property, or any portion thereof, either at public or private sale, as in their discretion may seem most judicious, and the proceeds arising therefrom they shall apply:

1. To the payment of the residue of the purchase money due upon the purchase of said property.

2. To the payment of any debt I may owe.

3. The residue of my estate I direct to be divided among all my children above named, subject, nevertheless, to a charge in said division against my son William W. Phifer of $1,300 and a charge of $2,000 against my son Robert S. Phifer, which said sums were advanced to them respectively out of the trust fund received by me from my deceased father; the whole of said residuary estate to be further subject to a charge for the support and maintenance of my husband, William F. Phifer, for and during his life.

4. I hereby constitute and appoint my husband, William F. Phifer, and my son William W. Phifer, executors of this my last will and testament.

In witness whereof I have hereunto set my hand and seal the 11th day of August, 1875.           M. M. PHIFER  (SEAL).

GEORGE E. WILSON, S. J. WHITE, witnesses.

This indenture this day made between Robert S. Phifer of the county and State aforesaid, party of the first part, and George M. Phifer of the county of Mecklenburg, State of North

Carolina, party of the second part, witnesseth: That the party of the first part, for and in consideration of the sum of four thousand dollars ($4,000) heretofore paid him by Mrs. M. M. Phifer, and for the further consideration of one dollar ($1) to him in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, has this day bargained and sold, aliened and conveyed, and does by these presents bargain and sell, alien and convey, remise and release unto the said party of the second part all his right, title, and interest, legal and equitable, in and to those certain tracts and parcels of land lying in the county and State aforesaid and described as follows:

Lying on the eastern limits of the city of Charlotte and adjoining the lands of M. M. Orr, Baxter Moore, Hugh Grey, G. D. Parks, W. W. Phifer, and the lands of the First National Bank, containing about one hundred (100) acres, more or less. Also one other tract adjoining the lands of W. W. Phifer, Dr. M. M. Orr, Robert Gibbon, Mrs. Allen William McCarley, James Davis, George Dougherty, Mrs. C. Kyle, W. R. Burwell, and others, containing about one hundred and seventy (170) acres, more or less, and being the tract formerly owned by W. F. Phifer and purchased by Joseph H. Wilson at sheriff's sale and by him conveyed to Mrs. M. M. Phifer.

To have and to hold to him, the same party of the second part, his heirs and assigns forever; and the said party of the first part, for and in consideration aforesaid, does hereby assign and convey to the party of the second part, his heirs, executors, and administrators, all his right, title, and interest in the money, property, or estate bequeathed or devised to him by the will of his grandfather, William E. White, and in any property or funds in which said bequeathed money may have been invested, upon the condition, nevertheless, that the said party of the second part shall hold the above property by this indenture conveyed in trust for Mary W. Phifer, Cordelia W. Phifer, Josephine H. Durant, George M. Phifer, Edward W. Phifer, and W. M. Phifer. The last named party will be charged in the distribution with the sum of $1,300 so expressed and provided in the will of Mrs. M. M. Phifer.

In testimony whereof the party of the second part has here-unto set his hand and affixed his seal, this the 17th day of February, 1881.                    ROBERT S. PHIFER    (SEAL).

Whereas my mother, Mrs. Mary Martha Phifer, received from the estate of her late father, William E. White, an estate in the sum of about $10,000, which said estate was limited by the last will and testament of the said William E. White to her for *sole and separate* use during her life, and at her death to be distributed equally among her children, which said will has been duly admitted to probate in Mecklenburg County; and whereas my said mother has already advanced to me out of said estate so received by her the sum of about...........

.............:dollars, which said sum so received by me and advanced by her is far in excess of the amount to which I am entitled under said will and testament after the life estate of my mother is terminated: Now, for and in consideration of the premises and for the further consideration of the sum of $10 to me in hand paid by the other children of my said mother, the receipt whereof is hereby acknowledged, I have renounced and released, and do hereby renounce and release, all my right, interest, title, and estate in and to the estate thus bequeathed to me by the last will and testament of the said William E. White, which said estate was to come into possession after the death of my said mother.

And I do hereby assign, transfer, and set over all my right, title, interest, and estate in and to the same, to my brothers, William W., George W., Edward White, and to my sisters, Mary W., Cordelia W., and Josephine H., to be divided among them equally, and in the event of the death of either or any of them, then the share of the one deceased to survive to the others.

In testimony whereof I have hereunto set my hand and seal this the 14th day of February, 1879.

                    (Signed)    ROBERT S. PHIFER    (SEAL).

There is no allegation in the petition as to what has been done under said will, or that the trusts have been closed, or as to the value of the property bequeathed or devised, or that there

is any surplus after paying the residue of the purchase price of the property referred to in the will, and the debts of the testatrix, and accounting for the charge of $2,000 against R. S. Phifer.

The defendants demurred to the petition, which was sustained, and the petitioner excepted and appealed.

*W. F. Harding for plaintiff.*

*Burwell & Cansler, Tillett & Guthrie, Cameron Morrison, and Maxwell & Keerans for defendant.*

ALLEN, J. There is no error in the judgment sustaining the demurrer.

If it is assumed that an equitable estate and not a mere right vested in R. S. Phifer under the will of his mother, and that his interest therein was realty, it was, in any event, subject to certain trusts and charges, and neither he nor his widow could have an estate in possession until these trusts and charges were satisfied.

There were seven children of M. M. Phifer, and it clearly appears from her will that, after the payment of certain debts, she desired an equal division among her children, and that R. S. Phifer should have nothing in such division until he had accounted for $2,000 advanced to him.

He had, therefore, no interest in the land, nor in the proceeds of its sale, unless, after the payment of the debts mentioned in the will, and providing for the support and maintenance of the husband of the testatrix, there was a surplus fund of at least $14,000, being $2,000 to each of the seven children; and there is nothing in the petition suggesting that this condition exists. On the contrary, the deed to his mother in 1879, and to his brothers and sisters in 1881, and the fact that thereafter he made no further claim for a period of thirty years, indicate that he had been advanced beyond his proportionate share under the will.

Nor is there any allegation in the petition that any part of the trusts declared in the will have been executed, and that parts of the land remain unsold, or that it was unnecessary to sell to perform the trusts.

If, however, these allegations were made, we would be inclined to adopt the construction of the will contended for by the defendants, and, if so, the relief prayed for would be denied.

An analysis of the will of Mrs. M. M. Phifer shows:

(1) That she received, under the will of her father, William E. White, a trust fund of the value of $10,000, and by the terms thereof she had the use of same during her life, and at her death said fund was to be equally divided among her children.

(2) That out of said fund she advanced to her son Robert S. Phifer, the husband of the petitioner, $2,000; that she invested $6,300 of said trust estate in part payment of the lands devised in her will; that she held certain contracts for the purchase of the lands devised, and at her death all the purchase money had not been paid.

(3) That she bequeathed and devised her estate, both real and personal, to her husband, William F. Phifer, and to her son William W. Phifer, in trust, with power to sell said property or any portion thereof, either at public or private sale, as in their discretion might seem most judicious, and directed that they should apply the proceeds therefrom as follows: (*a*) to the payment of the residue of the purchase money due upon the purchase of said property; (*b*) to the payment of her debts; (*c*) the residue of her estate to be divided among all her children named in the will, subject to a charge in said division against her sons, William W. Phifer of $1,300 and R. S. Phifer of $2,000, advanced to them respectively out of the said trust fund of $10,000 which she received from her father's estate, as set forth in her will; (*d*) she further provided that the whole of her residuary estate was subject to a charge for the support and maintenance of her husband, William F. Phifer, for and during his life.

The estate of the testatrix is devised to her husband and son in trust for certain purposes, and the purposes are declared. This created an active trust, and the title remained in the trustees until the trusts were performed. The children of the testatrix had an interest in the property, but they were not entitled to possession of any part of it, and could not know what

they would get until the trusts were closed. If so, it may well be contended that they had no estate, but a mere right to have the trusts executed, and an account stated, and in that event there would be no seizin in the husband. *Thompson v. Thompson,* 46 N. C., 431.

It is true that a widow may be endowed of an equitable estate, but the husband must be seized of an estate, whether legal or equitable.

"The seizin of the husband, in order to support the dower, must be seizin in law; not only actual constructive possession, but the legal right to possess." *Haire v. Haire,* 141 N. C., 88-90.

"The right to dower does not attach to the lands of the husband unless he was seized during coverture, and the husband must have an estate of inheritance. The word seizin is said to have a technical meaning when used in this connection, and at common law it imported a feudal investiture of title by actual possession, and with us it is the force of possession under some title or right to hold the possession; it is either a seizin in deed or a seizin in law, the former being in actual possession of a freehold estate and the latter the right to the immediate possession or enjoyment of a freehold estate. Seizin applies only to freehold estates or to the possession of land of a freehold tenure. Seizin in fact and in deed has also been defined to be possession with intent on the part of him who holds it to claim a freehold interest, and seizin in law as the right of immediate possession according to the nature of the estate." *Redding v. Vogt,* 140 N. C., 566.

It is also not unreasonable to conclude, from an inspection of the whole will, that it was the purpose of the testatrix that all of her estate should be sold and the proceeds divided.

If this was her intention to have the real estate sold and converted into personalty the interest of the children in the estate would be personal property. *Benbow v. Moore,* 114 N. C., 269.

The testatrix received, under her father's will, $10,000, which belonged to her children at her death, and she had advanced to the husband of the petitioner more than his share of the fund.

She had invested $6,300 of this fund in land, and owed a part of the purchase money, and she knew that she must account to the five children who had received nothing.

Under these facts appearing on the face of the will, and knowing that the children could follow the trust fund in the land, she devises the land to her executors in trust to sell, and, after the payment of certain claims, to divide the proceeds among her children.

If this construction is permissible, the case of *Patton v. Patton*, 60 N. C., 574, is an authority against the petitioner.

The language used in providing for the support of her husband seems to support this view. If she did not intend for the land to be sold and the proceeds divided, why did she not give him a life estate in the land?

If either of these contentions can be maintained, there was no seizin in the husband, and the petitioner would not be entitled to dower; but we refrain from passing on them finally in the condition of the pleadings.

Affirmed.