MORRIS RICKERT v. SOUTHERN RAILWAY CO.

(Decided November 22, 1898 )

*Prayer for Instruction—The Code, Sec. 413.*

1. Where the evidence was conflicting, a prayer for instruction, "If the jury believe the evidence, the answer to the first issue should be 'No' " was properly refused.

2. Such an instruction would have been a direct violation of The Code, Section 413.

CIVIL ACTION for damages, tried before *McIver, J.*, at Spring Term, 1898, of the Superior Court of IREDELL County.

The plaintiff was a passenger upon the defendants freight train, between Salisbury and Statesville. He testified, that when he got up here to Statesville they blowed the station below, and they slowed down about the switch, and he (the conductor) motioned to me to get off, and in attempting to do so I slipped, caught my foot in the stirrup, fell and was injured.

The defendant introduced evidence contradictory to that of plaintiff, and without demurring to the evidence of plaintiff, in effect asked his Honor to instruct the jury to negative it. His Honor declined to give the instruction asked for and defendant excepted.

There was a verdict and judgment in favor of plaintiff, and appeal by defendants.

The issues, instructions, and evidence appear in the opinion.

*Messrs. Charles Price, G. F. Bason,* and *A. B. Andrews, Jr.*, for defendant (appellant).

*Messrs. Armfield & Turner*, for plaintiff.

FURCHES, J.: The facts disclosed by the trial of this case strongly impress us with the belief that the plaintiff was not entitled to a verdict in his favor. At the same time, we cannot say that there was not evidence, that entitled him to go to the jury, and, if believed, to a verdict; and we cannot review the findings of the jury, however much we might differ with them. But we will say that outside of all the evidence on the part of the defendant, contradicting the evidence offered by the plaintiff, it was not a very reasonable statement, that if the plaintiff paid his fare from Salisbury to Statesville, as he says he did, he would have ridden all the way from Salisbury to Statesville in an open coal car, early in the morning of December 23rd, (only two days before Christmas) when he was entitled to a comfortable seat in the caboose. But if there is error in the findings of the jury, as we have said they cannot be corrected in this Court unless the judge who tried the case committed an error of law on the trial. If this were so, and a new trial ordered on that account, this would vitiate the verdict. But it would not be because we have the power to review the findings of the jury, or had done so. And upon a careful examination of the record, we find no error in law committed by the court below, on which we can give a new trial.

There are several exceptions taken by the defendant, and while none of them are formally abandoned, the defendant in its brief discusses but one of them.

The issues submitted are as follows: 1. "Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer, Yes. 2. Was the plaintiff guilty of contributory negligence? Answer, No. 3. What damage is the plaintiff entitled to recover by reason of said injuries? Answer, $500."

For the purpose of sustaining the plaintiff's contention, the plaintiff testified that he paid his fare as a passenger from Salisbury to Statesville on the defendant's freight train, leaving Salisbury early in the morning of December 23, 1896; that he rode in an open box-car used for hauling coal, where he could be seen and was seen; that he only paid his way from Salisbury to Cleveland station, and at Cleveland he paid his fare from that place to Statesville; that when the station whistle sounded at Statesville, the train "slowed up" to three or four miles an hour, and the conductor, from the window of the caboose, signaled him to get off, and in attempting to do so he slipped, caught his foot in the stirrup and was injured   He was corroborated by other testimony as to the conductor's giving the signal by the wave of the hand, and as to the fall and injury.   All this evidence was flatly contradicted by the engineer and crew of the train.   But still it was evidence for the jury, which they might believe and did believe.   It would seem that the defendant thought it material, if believed, as it offered evidence to contradict it.   But whether the defendant thought it material or not, it was material if believed, and the court could not say it should not be believed.   As to whether it should be believed or not, was a question for the jury alone.

Upon this evidence, the defendant's first prayer for instructions and the only one discussed in the brief, was, that upon all the evidence the court should instruct the jury to find the first issue, "no."   The court refused to give this prayer and committed no error in doing so.   Had the court given this prayer for instruction, it would have been deciding upon the credibility of witnesses, the weight of the evidence and the facts

123—17

in the case, and would have been in direct violation of Section 413 of *The Code.*

This prayer is in effect a demurrer to the evidence, and admits, for the purposes of the prayer, that all the evidence is true. Such prayer can only be given in cases where the party asking the instruction is entitled to a finding upon the issue in his favor, taking all the evidence for the other side to be true—considered in the most reasonable light for the other side. *Baker* v. *Brem,* 103 N. C., 72; *Nelson* v. *Whitford,* 82 N. C., 46; *Hopkins* v. *Bowers,* 111 N. C., 175. Taking the plaintiff's evidence to be true, he was a passenger on the defendant's train, and when it slowed up he was told to get off and was injured in so doing. This was negligence. *Lambeth* v. *Railroad,* 66 N. C., 495; *Hinshaw* v. *Railroad,* 118 N. C., 1047.

We have examined the charge of the court and find it full, fair and correct. The court among other things charged the jury that if they believed (find) from the evidence that the plaintiff was stealing a ride, he could not recover, or, if the conductor did make signals with his hand, not intended for the plaintiff, and the plaintiff mistook them, and undertook to get off the train and was injured, he could not recover. We find no error in refusing the instructions asked, nor in the instructions given.

Affirmed.