M. HENRY ET AL. v. C. C. HEGGIE.

(Filed 12 November, 1913.)

1. Deeds and Conveyances — Mortgages — Mortgagor's Liability— Contracts.

An accepted offer to buy a certain lot of land, which happens to be subject to mortgage, and without assuming the payment of the mortgage debt, is not an offer to take the land and pay off the encumbrances; and where an agreement of this character has been made, the proposed vendee may refuse to accept a deed tendered him containing a covenant on his part to assume the encumbrances on the property, for the acceptance of such deed would make him incur a personal liability to pay off the mortgage, which he had not agreed to do.

2. Deeds and Conveyances—Delivery—Possession of Grantor—Mortgages—Trials—Verdict, Directing—Questions for Jury.

Where a grantor in a deed produces it on the trial, the production of the deed by him is some evidence that it had not been delivered and accepted; and where there is conflicting evidence as to whether the vendee of lands subject to mortgage had accepted a deed wherein it was covenanted on his part that he would pay off the encumbrance, contrary to his agreement of purchase, it is reversible error for the judge to direct a verdict upon the evidence, if found by the jury to be true, that the deed had been delivered, for the question of delivery is one for the determination of the jury under instructions from the court.

3. Deeds and Conveyances—Mortgages—Mortgagee's Possession— Acceptance—Evidence.

By accepting a deed with covenants to be performed on his part, the grantee binds himself to their performance, whether he signed the deed or not; and where the deed is produced on trial by the grantee upon notice of the grantor or rule of court to do so, it is evidence of his acceptance.

APPEAL by defendant from *Peebles, J.,* at April Term, 1913, of GRANVILLE.

The defendant, desiring to purchase a house and lot from the plaintiff, which were subject to two mortgages, executed by the plaintiff, one in favor of H. M. Gillis for about $900, and the other in favor of W. L. Taylor for about $150, agreed to buy the same for the sum of $25, subject to present encumbrances

as stated above. The price asked by the plaintiff was $1,075, and in the letter to him agreeing to buy the property, defendant stated that the payment of the $25 for the property, subject to the mortgages, would equal his price, that is, $1,075. Plaintiff caused a deed for the house and lot to be prepared, executed and acknowledged the same, with joinder and privy examination of his wife, and sent it to the defendant. In the deed there is a covenant on the part of the defendant, as a part of the consideration, to assume all encumbrances on the property, with a special reference to the Gillis and Taylor mortgages, and they are excepted from the warranty. There was evidence that defendant received the deed and accepted the same, giving a check for the $25 to Mr. Lanier, attorney for the plaintiff, who collected the same. Defendant testified that he had not accepted the deed, but delivered it back and had never exercised any control or dominion over the land. The plaintiff paid the Taylor debt, amounting at the time to $165, and brings this action to recover the amount so paid. The property was sold under the Gillis mortgage, and brought not more than enough to pay that debt.

The following issue was submitted to the jury: "Is the defendant indebted to the plaintiff, and if so, in what amount?" and the jury answered it, "Yes; $150, with interest from 12 July, 1910," under an instruction of the court that, if they believed the evidence, they should so answer it. Exception and appeal by the defendant.

*T. Lanier and Hicks & Stem for plaintiff.*
*B. S. Royster for defendant.*

WALKER, J., after stating the case: We do not think that the written agreement to buy the lot constituted an assumption of the mortgages, so as to make the defendant liable personally to the plaintiff for the amount he paid to satisfy the Taylor debt. The rule, as settled by the authorities, so far as applicable here, is thus stated in 27 Cyc., at pp. 1342, 1343, 1344: "Where a conveyance of land is made expressly subject to an existing mortgage, the effect, as between the grantor and the grantee, is

to charge the encumbrance primarily on the land, so as to pre-
vent the purchaser from claiming reimbursement or satisfaction
from his vendor in case he loses the land by foreclosure or is
compelled to pay the mortgage to save a foreclosure; in reality,
it amounts simply to a conveyance of the equity of redemption.
. . . The grantee of mortgaged land does not incur a personal
liability for the payment of the mortgage debt, enforcible by
the mortgagee, merely because the deed recites that it is made
subject to the mortgage; such personal liability is created only
by a distinct assumption of the debt or contractual obligation to
pay it. Where the land is sold subject to a mortgage, but with-
out an assumption of it by the grantee, the mortgagor remains
liable for any deficiency. But still, the contract being one of
indemnity and the land being the primary fund for the payment
of the mortgage, if the grantor is compelled to pay it, he may
require an assignment of the mortgage to himself, or he will be
regarded as an equitable assignee so as to be subrogated to the
rights of the mortgagee, and so will be enabled to use the mort-
gage to force reimbursement from his grantee." *Hancock v.
Fleming,* 103 Ind., 533; *McNaughton v. Burke,* 63 Neb., 7045;
*M. C. & M. Co. v. Hand,* 197 Ill., 288; *Hartley v. Harrison,* 24
N. Y., 170; *Londonslager v. W. H. Land Co.,* 64 N. J. L., 405;
*Equitable L. Assn. v. Bostwick,* 100 N. Y., 628. The *McNaugh-
ton case* holds that, "One who buys land subject to an encum-
brance acquires only an equity of redemption; that is, the in-
terest remaining after the encumbrance has been paid. The
understanding between the grantor and grantee is that the former
reserves for the benefit of the encumbrancer so much of the
estate as may be necessary for the satisfaction of the debt. A
conveyance of land subject to a mortgage is neither more nor
less than a simple deed of whatever interest or estate the grantor
has after the debt is satisfied out of it." *Chief Justice Mitchell,*
in *Hancock v. Fleming, supra,* said: " 'The difference between
the purchaser assuming the payment of the mortgage and simply
buying subject to the mortgage is simply that in the one case he
makes himself personally liable for the payment of the debt, and
in the other case he does not assume such liability. In both

cases he takes the land charged with the payment of the debt, and is not allowed to set up any defense to its validity.' Jones Mort., sec. 736; *Atherton v. Toney*, 43 Ind., 211; Pomeroy Eq. Jur., sec. 1205. The land, nevertheless, remained the primary fund as between the purchaser and the mortgagee, out of which payment of the debt must be made." It was held in *London-slager v. W. H. L. Co., supra,* that, "A declaration counting upon an express assumption of a mortgage by the grantee in a deed (the deed being made part of the declaration) will not be supported by a clause in the deed, 'that the land is conveyed subject to such mortgage,' the words of assumption being absent." The Court ruled in the case of *Eq. L. Assn. Co. v. Bostwick, supra,* that "A personal obligation on the part of a grantee to pay a mortgage upon the premises conveyed may not be implied from a statement in his deed that the conveyance is subject to the mortgage, and that the amount thereof 'forms part of the consideration and is deducted therefrom.'" The language in the last case we have cited is very much like that used in the letter of defendant offering to buy the lot. A valuable authority is *Shepherd v. May*, 115 U. S., 505, where the Court says: "In order to raise such a liability as is contended for by plaintiff in error, there must be words in the deed of conveyance from which, by fair import, an agreement to pay the debt can be inferred. This was expressly held in *Elliott v. Sackett*, 108 U. S., 132, where *Mr. Justice Blatchford,* in delivering the judgment of this Court, said: 'An agreement merely to take land, subject to a specified encumbrance, is not an agreement to assume and pay the encumbrance. The grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment, does not bind himself personally to pay the debt. There must be words importing that he will pay the debt to make him personally liable.' To the same effect see *Belmont v. Coman*, 22 N. Y., 438; *Fiske v. Tolman*, 124 Mass., 254; *Hoy v. Bramhall*, 4 C. E. Green, 74, 78; *Fowler v. Fay*, 62 Ill., 375. There are no such words in the deed made by the plaintiff in error." These cases also show that the terms of the deed tendered by plaintiff and alleged to have been delivered to and

accepted by the defendant are sufficient to constitute an assumption of the mortgage debt and an indemnity against its payment by the plaintiff.

So that it all comes back to the point whether the deed was delivered by the plaintiff and accepted by the defendant so as to bind the latter to a performance of its covenants or stipulations. This is a mixed question of fact and law. The jury must find the facts and the judge declare the law arising thereon. We find, upon examination of the record, as will appear by our statement of the case, that the evidence upon this matter, the acceptance of the deed, was conflicting, and therefore the court could not direct the jury how to find if they believed the evidence. *Rickert v. R. R.,* 123 N. C., 255; *Cox v. R. R., ibid.,* 611; *Bank v. Nimocks,* 124 N. C., 352. The jury cannot well believe *all* of the evidence, if it conflicts. It amounted to an instruction that there is no evidence to prove defendant's contention, when we see that there is. He denies that he accepted the deed, and testifies that he rejected it. Besides, the plaintiff produced the deed at the trial and offered it in evidence. All of this was some evidence. It was stated on the trial as a fact, though it does not appear in the record, that the deed was produced by the defendant under a notice to him or a rule of the court requiring him to do so. If this appears in the case at the next trial, it may have an important bearing upon the question of delivery and acceptance. If the defendant received and accepted the deed, he is liable upon its covenants, as the acceptance by the grantee of a deed containing a covenant to be performed by him as the consideration of the grant, or a part thereof, is equivalent to an agreement on his part to perform it, without regard to whether he signed it or not. 11 Cyc., 1045; *Maynard v. Moore,* 76 N. C., 158, citing *Staines v. Morris,* 1 Ves. and B., 14; *Finley v. Simpson,* 4 Zabris (N. J.), 311; *Herring v. Lumber Co., ante,* 481.

There was error in the charge, as pointed out, and there must be another trial.

New trial.