ROY ARNOLD v. RONALD W. HOWARD AND LINDA H. HOWARD, ORIGINAL DEFENDANTS AND JAMES F. CLARDY, THIRD PARTY DEFENDANT

No. 7626SC56

(Filed 2 June 1976)

**Mortgages and Deeds of Trust § 15— conveyance "subject to" mortgage — no assumption of mortgage**

In an action to recover upon a second mortgage executed by original defendants, summary judgment was properly entered in favor of the third party defendant in original defendant's cross-action against him where he presented evidence that property was conveyed to him "subject to" the second mortgage but that he did not assume the second mortgage, and original defendants failed to offer opposing evidence that the second mortgage had been assumed by the third party defendant.

APPEAL by original defendants from Snepp, Judge. Judgment entered 3 October 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 May 1976.

Action was brought by plaintiff against original defendants (Howard) to recover the unpaid balance of a $225,000 note executed by the Howards to plaintiff as consideration for the purchase of an apartment complex.

Arnold v. Howard

In their cross-action against third party defendant (Clardy) the Howards alleged that they conveyed the property to Clardy for $1,039,470.05, which sum included $220,299.44 owing on the second mortgage payable to plaintiff. It was alleged that Clardy had breached his contract with the Howards, and they prayed for judgment against Clardy for any recovery which plaintiff may have against them.

Clardy answered and denied that he assumed the second mortgage obligations to plaintiff. He alleged that he purchased the property subject to the second mortgage to plaintiff, and he prayed for dismissal of the original defendants' cross-action.

The Howards and Clardy entered into a written contract by which Clardy agreed to purchase the property from the Howards for a "contract price" of $1,039,470.05 which was "to consist" of the existing principal balance on the first mortgage in the amount of $786,170.61, the existing principal balance in plaintiff's second mortgage in the amount of $220,299.44, a $5,000 "binder," and $28,000 cash upon delivery of the deed. The contract also provided that the "[p]roperty shall be taken subject to" the first and second mortgages.

In the deed from the Howards to Clardy the property was conveyed "subject to" the two mortgages (which included the one payable to plaintiff). [For more details concerning the facts of this case see *Arnold v. Howard*, 24 N.C. App. 255, 210 S.E. 2d 492 (1974).]

Motion for summary judgment by third party defendant was granted and original defendants attempted to appeal. The appeal was dismissed [*Arnold v. Howard, supra*]. Thereafter a consent judgment was entered into by plaintiff and the original defendants, and the original defendants now appeal from the previous order granting summary judgment to third party defendants.

*Haynes, Baucom, Chandler and Claytor, by Lloyd F. Baucom, and McDaniel, Melott and Fogel, by Bruce McDaniel, for defendant appellants.*

*Cansler, Lockhart, Parker and Young, P.A., by Thomas Ashe Lockhart and Joe C. Young, for third party defendant appellee.*

ARNOLD, Judge.

In support of his motion for summary judgment Clardy offered the pleadings, including the written contract between Clardy and the Howards, and the deed from the Howards to Clardy, as well as an affidavit of K. Martin Waters. In the affidavit Waters avowed that he was the real estate agent who represented Clardy in the purchase of the property from the Howards, and that Clardy instructed him that he would take the property subject to the two mortgages, but he would not assume any personal obligation for the payment of either mortgage; that Waters prepared the contract which Clardy signed and which was then sent to Mr. Howard; that prior to signing the contract Howard telephoned Waters and asked if Clardy would assume Howard's personal obligations on the second mortgage [to plaintiff]; that Waters again told Howard that Clardy would not assume any of the mortgage debts or accept any language of assumption in the contract; and that following this telephone conversation the contract was consummated.

The original defendants offered no evidentiary material in response, and their only assignment of error challenges the entry of summary judgment for the third party defendant.

Rule 56 (e) provides, *inter alia:* "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In the present case Clardy, the moving party, supported his motion for summary judgment as provided by Rule 56 when he presented the affidavit of Waters along with the pleadings. Upon this showing by the movant the Howards had the burden to respond by affidavit or other evidentiary matter to show that there was a genuine issue for trial. *Whitley v. Cubberly,* 24 N.C. App. 204, 210 S.E. 2d 289 (1974). Since the Howards, original defendants, failed to put forth any evidentiary matters in opposition to the motion the question is whether summary judgment was *appropriate. Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976); *Savings and Loan Assoc. v. Trust Co.,* 282 N.C. 44, 191 S.E. 2d 683 (1972).

The written contract between Clardy and the Howards contained a provision that the "contract price" of $1,039,470.05 was to consist of, *inter alia,* the existing principal balance on plaintiff's second mortgage. It also provided that the property was "taken subject to" this second mortgage. Any confusion in the language of the contract was cleared up by the Waters affidavit concerning prior negotiations which was competent since it did not vary the terms of the written contract, but threw light on the proviso that the property was conveyed "subject to" the mortgage. See *Douglass v. Brooks,* 242 N.C. 178, 87 S.E. 2d 258 (1955), cited in 3 N. C. Index 2d, Evidence § 32, p. 650.

In addition to the "subject to" language of the written contract the deed from the Howards to Clardy provided that the property was conveyed "subject to" the second mortgage from the Howards to plaintiff. Summary judgment was appropriate.

The rule in North Carolina was stated in *Henry v. Heggie,* 163 N.C. 523, 79 S.E. 982 (1913), as follows:

> " 'Where a conveyance of land is made expressly subject to an existing mortgage, the effect, as between the grantor and the grantee, is to charge the encumbrance primarily on the land, so as to prevent the purchaser from claiming reimbursement or satisfaction from his vendor in case he loses the land by foreclosure or is compelled to pay the mortgage to save a foreclosure; in reality, it amounts simply to a conveyance of the equity of redemption.' " *Henry v. Heggie, supra,* pp. 524-525.

Rule 56 is to be used to prevent unnecessary trials where there are no genuine issues of fact, and to identify and separate such issues if they are present. *Kidd v. Early, supra.* The question in this case was whether the obligation was assumed, and the moving party, Clardy, offered competent evidentiary material that it was not assumed but taken "subject to." The opposing party failed to respond by affidavit or other evidentiary matter that the mortgage was not taken "subject to" or that it was assumed. Summary judgment was therefore properly entered.

Affirmed.

Judges BRITT and VAUGHN concur.