RICHARD PITTS v. VILLAGE INN PIZZA, INC.

No. 778SC194

(Filed 7 February 1978)

1. Malicious Prosecution § 1— elements of malicious prosecution

To establish a case of malicious prosecution a plaintiff must show (1) malice, (2) want of probable cause, and (3) a favorable termination of the proceedings upon which his action is based.

2. Malicious Prosecution § 4— probable cause—finding in preliminary hearing—return of indictment—summary judgment

In this action for malicious prosecution of an embezzlement case against plaintiff, defendant's presentation of the judgment of the district court finding probable cause and a true bill of indictment returned against plaintiff for embezzlement constituted *prima facie* evidence that probable cause did exist, and summary judgment was properly entered for defendant where plaintiff failed to respond by showing specific facts establishing that there was a genuine issue as to probable cause.

APPEAL by plaintiff from *Tillery, Judge*. Judgment entered 9 November 1976, in Superior Court, WAYNE County. Heard in the Court of Appeals 13 January 1978.

Plaintiff brought suit against defendant alleging that defendant had maliciously initiated a criminal prosecution for embezzlement against plaintiff. The defendant filed a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, and, from the granting of that motion, plaintiff appeals.

*Barnes, Braswell & Haithcock, P.A., by Michael A. Ellis and Gene Braswell, for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker, by Robert D. Walker, Jr., for defendant appellee.*

ARNOLD, Judge.

[1] To establish a case of malicious prosecution a plaintiff must show (1) malice, (2) want of probable cause, and (3) a favorable termination of the proceedings upon which his action is based. *Taylor v. Hodge*, 229 N.C. 558, 50 S.E. 2d 307 (1948). Plaintiff argues on this appeal that there were questions of fact as to whether defendant had probable cause to initiate the criminal proceeding and, consequently, as to whether defendant had acted

**Pitts v. Pizza, Inc.**

maliciously in initiating that proceeding. Plaintiff appears to have relied upon a finding of lack of probable cause to establish malice since under our law malice may be inferred from a want of probable cause. Hence, his argument comes down to a question of whether there was a genuine issue as to probable cause.

In support of his motion for summary judgment defendant offered a number of exhibits, including the complaint for plaintiff's arrest, the judgment of the district court finding probable cause, and a true bill of indictment against plaintiff. The plaintiff offered no evidence in response to defendant's motion.

G.S. 1A-1, Rule 56(e) provides, *inter alia*:

"When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" [Emphasis added.]

[2] We believe that the district court's finding of probable cause and the true bill of indictment against plaintiff constitute *prima facie* evidence that probable cause did exist. Defendant's motion and exhibits required plaintiff to respond to set forth specific facts establishing that there was a genuine issue as to the existence of probable cause. G.S. 1A-1, Rule 56(e).

Because plaintiff failed to offer any responsive pleadings, the trial court properly concluded that there was no genuine issue of material fact and that summary judgment to prevent an unnecessary trial was appropriate. *See Arnold v. Howard*, 29 N.C. App. 570, 225 S.E. 2d 149 (1976).

Affirmed.

Judges PARKER and MARTIN concur.