JOHN C. BROOKS, COMMISSIONER OF LABOR OF THE STATE OF NORTH
CAROLINA v. TAYLOR TOBACCO ENTERPRISES, INC., AND GEORGE
RONALD TAYLOR

No. 37

(Filed 4 December 1979)

Searches and Seizures § 31— OSHA inspection warrant—objects of inspection—
insufficiency of warrant

An administrative inspection warrant which authorized agents of the
N. C. Department of Labor to inspect defendants' premises "to determine the
presence of violations, if any, of the Occupational Safety and Health Act of
North Carolina and regulations promulgated thereunder" was invalid where
the warrant failed to indicate "the conditions, objects, activities or cir-
cumstances" which the inspection was intended to check or reveal as required
by G.S. 15-27.2(d)(3), and there was nothing in the warrant which incorporated
by reference that portion of the underlying affidavit which indicated such "con-
ditions, objects, activities or circumstances."

ON petition for discretionary review of the decision of the
Court of Appeals, 39 N.C. App. 529, 251 S.E. 2d 656 (1979), affirm-
ing judgment in favor of petitioner entered by *Herring, J.*, at the
21 April 1978 Session of BLADEN Superior Court.

Respondent Taylor Tobacco Enterprises, Inc., is a North
Carolina corporation and is subject to the Occupational Safety and
Health Act of North Carolina ("OSHA"), G.S. §§ 95-126 to -155,
and is subject to administrative inspection thereunder pursuant
to G.S. § 95-136. On 29 December 1977, respondents refused to
submit to a warrantless inspection of their premises by agents of
the North Carolina Department of Labor. On 21 March 1978, an
administrative inspection warrant was issued and properly served
on respondents at the situs of the corporate respondent. Upon
service of the search warrant, the individual respondent, while
acting in his capacity as an officer of the corporate respondent,
stated to the OSHA inspectors present that he would prevent
them from inspecting the premises and acted in such a way as to
lead the inspectors to reasonably believe that force might be used
if they attempted to conduct the inspection purportedly author-
ized by the warrant.

On its face the warrant indicated that it was based on "prob-
able cause to believe that violations of the Occupational Safety

and Health Act . . . are present at the situs of the property described above." It directed authorized agents of the North Carolina Department of Labor ". . . to inspect the property described in the attached affidavit to determine the presence of violations, if any, of the Occupational Safety and Health Act of North Carolina and regulations promulgated thereunder."

On 24 March 1978 the Department of Labor filed a petition in Bladen Superior Court seeking an order directing respondents to show cause why they should not be held in civil contempt of court for refusing to honor the administrative inspection warrant. Judge Giles M. Clark found probable cause to believe that respondents were in civil contempt of court and directed them to appear for a hearing on 10 April 1978. At that hearing, Judge Herring denied respondent's motions to dismiss, for summary judgment, and for judgment on the pleadings. After hearing evidence in the case, Judge Herring entered judgment holding both respondents to be in civil contempt of court, assessing a $500 fine to each, and ordering them to submit to an administrative inspection within ten days of entry of judgment. Respondents appealed and the Court of Appeals affirmed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Paderick, Warrick, Johnson & Parsons, P.A., by Dale P. Johnson, for defendant-appellants.*

BRITT, Justice.

Respondents contend that the Court of Appeals erred in upholding the trial court's denial of their motions to dismiss and for judgment on the pleadings and in affirming the judgment appealed from. This contention is based on respondent's insistence that "the Administrative Inspection Warrant is unconstitutional on its face" in light of Article I, Section 20 of the North Carolina Constitution which prohibits the granting of general warrants; that the provisions of G.S. 15-27.2(c)(1) which permit a magistrate to issue an administrative inspection warrant upon making an independent determination that the target property is "to be searched as part of a legally authorized program of inspection which naturally includes that property" or that there is probable cause justifying an administrative inspection are unconstitutional-

ly void for vagueness; and that the administrative warrant does not comply with the requirements of G.S. 15-27.2(d)(3).

In light of the disposition of this appeal hereinafter set forth, we decline to pass upon the constitutional questions raised. It is an established principle of appellate review that this court will refrain from deciding constitutional questions when there is an alternative ground available upon which the case may properly be decided. *State v. Goodman*, 298 N.C. 1, 257 S.E. 2d 569 (1979); *State v. Jones*, 296 N.C. 495, 251 S.E. 2d 425 (1979); *State v. Crabtree*, 286 N.C. 541, 212 S.E. 2d 103 (1975).

We hold that the administrative inspection warrant is invalid on its face because it fails to comply with the explicit language of the authorizing statute.

G.S. § 15-27.2(d) provides that an administrative inspection warrant

. . . shall be validly issued only if it meets the following requirements:

(1) It must be signed by the issuing official and must bear the date and hour of its issuance above his signature with a notation that the warrant is valid for only 24 hours following its issuance;

(2) It must describe, either directly or by reference to the affidavit, the property where the search or inspection is to occur and be accurate enough in description so that the executor of the warrant and the owner or possessor of the property can reasonably determine from it what person or property the warrant authorizes an inspection of;

(3) It must indicate the conditions, objects, activities or circumstances which the inspection is intended to check or reveal;

(4) It must be attached to the affidavit required to be made in order to obtain the warrant.

Since the power of the State to conduct searches and seizures is in derogation of the guarantees of the Fourth Amendment to the United States Constitution as well as those of Article

One, Section 20 of the North Carolina Constitution, statutes which authorize or regulate such activities ought to be strictly construed against the state and liberally construed in favor of the defendant. *See Benton v. United States*, 70 F. 2d 24 (4th Cir.), *cert. denied*, 292 U.S. 642, 78 L.Ed. 1494, 54 S.Ct. 778 (1934); *Pass v. State*, 193 So. 2d 119 (Miss. 1966); *Murphy v. State*, 95 Okla. Crim. 333, 245 P. 2d 741 (1952). *See also Sgro v. United States*, 287 U.S. 206, 77 L.Ed. 260, 53 S.Ct. 138 (1932); *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 75 L.Ed. 374, 51 S.Ct. 153 (1931). A related principle requires that a search warrant itself must be strictly construed. *United States v. Wright*, 468 F. 2d 1184, 1185 (6th Cir. 1972), *cert. denied*, 412 U.S. 938, 37 L.Ed. 2d 397, 93 S.Ct. 2771 (1973); *Keiningham v. United States*, 109 U.S. App. D.C. 272, 287 F. 2d 126 (1960); *Empire Steel Mfg. Co. v. Marshall*, 437 F. Supp. 873 (D. Mont. 1977); *McCormick v. State*, 388 P. 2d 873 (Okla. Crim. App. 1964). A search warrant must particularly describe the place to be searched, *Steele v. United States*, 267 U.S. 498, 69 L.Ed. 757, 45 S.Ct. 414 (1925), as well as the activities and objects which are the subjects of the proposed search. *See Stanford v. Texas*, 379 U.S. 476, 13 L.Ed. 2d 431, 85 S.Ct. 506 (1965); *Marcus v. Search Warrant of Property*, 367 U.S. 717, 6 L.Ed. 2d 1127, 81 S.Ct. 1708 (1961); *Marron v. United States*, 275 U.S. 192, 72 L.Ed. 231, 48 S.Ct. 74 (1927). The requirements of particularity of descriptions are met when the warrant on its face leaves nothing to the discretion of the officer executing the warrant as to the premises to be searched and the activities or items which are the subjects of the proposed search. *Marron v. United States, supra.*

The warrant which is in issue in this case directs agents of the North Carolina Department of Labor ". . . to inspect the property described in the attached affidavit to determine the presence of violations, if any, of the Occupational Safety and Health Act of North Carolina and regulations promulgated thereunder." It is this language which we find to render the warrant invalid on its face. The warrant nowhere indicates "the conditions, objects, activities or circumstances" which the proposed inspection was intended to check or reveal. In this manner, the warrant fails to comport with the requirements of G.S. § 15-27.2 (d)(3).

A properly drawn and executed administrative inspection warrant must advise the owner or possessor of the property proposed to be searched of the scope and objects of the search, beyond which limits the inspector may not go. *Marshall v. Barlow's Inc.*, 436 U.S. 307, 56 L.Ed. 2d 305, 98 S.Ct. 1816 (1978). These are important functions for a warrant to perform, functions which should underlie any determination of the validity of an administrative inspection warrant. *See Camara v. Municipal Court*, 387 U.S. 523, 18 L.Ed. 2d 930, 87 S.Ct. 1727 (1967); *See v. Seattle*, 387 U.S. 541, 18 L.Ed. 2d 943, 87 S.Ct. 1737 (1967). Unless an administrative inspection warrant serves these functions of notice and limitation, it does not meet the requirements of the enabling statute, G.S. § 15-27.2(d)(3). In short, a valid search warrant serves not only to authorize a search of premises but also to afford reasonable notice to the possessor of property of the nature and extent of any search that is to be conducted. The warrant which is in issue in this case failed to give such notice.

It is true that a warrant may properly be construed with reference to the supporting affidavit for the purpose of sustaining the particularity of the description of the premises to be searched and the items which are sought. *United States v. Klein*, 565 F. 2d 183 (1st Cir. 1977); *United States v. Womack*, 166 U.S. App. D.C. 35, 509 F. 2d 368 (1974), *cert. denied*, 422 U.S. 1022, 45 L.Ed. 681, 95 S.Ct. 2644 (1975); *United States v. Lightfoot*, 165 U.S. App. 177, 506 F. 2d 238 (1974); *Moore v. United States*, 149 U.S. App. D.C. 150, 461 F. 2d 1236 (1972). Such incorporation is proper, provided that the affidavit accompanies the warrant, and, in addition, the warrant uses suitable words of reference which will provide notice that the two documents are to be construed together so as to provide the requisite particularity of description. *Huffman v. United States*, 152 U.S. App. D.C. 238, 470 F. 2d 386 (1971), *rev'd on other grounds*, 502 F. 2d 419 (D.C. Cir. 1974); *Moore v. United States, supra.* This rule of incorporation must be carefully applied in that there is a fundamental distinction between a warrant and its supporting affidavit. *Moore v. United States, supra.* As we noted earlier, a warrant is designed to provide authorization for a search as well as a limitation upon its extent. A supporting affidavit is intended to "freeze" the record of the evidence upon which the application for a warrant was issued. *Cf. Lowrey v. United States*, 161 F. 2d 30 (8th Cir.), *cert. denied*, 331 U.S. 849,

91 L.Ed. 1858, 67 S.Ct. 1737 (1947). (The affidavit is required to establish the grounds for issuing the warrant and to show probable cause therefor.)

We do not mean to suggest that we are in disagreement with the practice of incorporating the underlying affidavit by reference to it in the search warrant itself. *See e.g., State v. Shanklin*, 16 N.C. App. 712, 193 S.E. 2d 341 (1972), *cert. denied*, 282 N.C. 674, 194 S.E. 2d 154 (1973); *State v. Flowers*, 12 N.C. App. 487, 183 S.E. 2d 820, *cert. denied*, 279 N.C. 728, 184 S.E. 2d 885 (1971). The statute which authorizes the granting of administrative inspection warrants implicitly provides for such incorporation by stating "[I]t [the administrative inspection warrant] must be attached to the affidavit required to be made in order to obtain the warrant." G.S. § 15-27.2(d)(4). Otherwise, it is invalid.

In the present case, the supporting affidavit was attached to the warrant when it was served. However, there was nothing in the warrant itself which incorporated that portion of the affidavit which indicated "the conditions, objects, activities or circumstances which the inspection [was] intended to check or reveal." *See* G.S. § 15-27.2(d)(3). It is not enough that a warrant and its supporting affidavit be served together as a unit for the affidavit to serve to uphold the validity of the warrant. If the warrant and the affidavit are to be construed together to provide sufficient proof of authority and notice of the extent of the proposed search, there must be an express reference to the affidavit in the warrant which is sufficient to put a reasonable person on notice of its incorporation.

For the reasons stated, we hold that the trial court erred in entering judgment for petitioner, hence the decision of the Court of Appeals is

Reversed.