---
Town of Atlantic Beach v. Young
---

---

TOWN OF ATLANTIC BEACH v. CECELIA YOUNG

No. 813SC828

(Filed 3 August 1982)

Animals § 8; Municipal Corporations § 8.2— ordinance prohibiting keeping of horses and goats other than house pets—establishing as house pets—summary judgment proper

In an action where plaintiff town sought a permanent injunction "directing defendant to remove all animals other than specified domestic house pets from her premises" pursuant to an ordinance, where defendant demonstrated the facts necessary to make the legal determination that her animals (two goats and a pony) were "house pets" within the meaning of the ordinance and plaintiff failed to show contrary material facts, the trial court properly granted defendant's motion for summary judgment.

Town of Atlantic Beach v. Young

APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 1 June 1981 in Superior Court, CARTERET County. Heard in the Court of Appeals 1 April 1982.

*Hamilton, Bailey & Coyne, by Glenn B. Bailey, for plaintiff appellant.*

*Cooper and Whitford, P.A., by Neil B. Whitford, for defendant appellee.*

WHICHARD, Judge.

## I.

Plaintiff municipality enacted an ordinance which prohibited the keeping "within the town limits [of] livestock, animals, or poultry other than house pets." The ordinance specified that its prohibition included, *inter alia,* horses and goats.

Defendant, in response to plaintiff's request for admission, acknowledged that she kept two goats and one pony on her premises. While she denied that her premises were within plaintiff's town limits, the only record evidence was to the contrary.

By this action plaintiff sought, pursuant to the above ordinance, a permanent injunction "directing defendant to remove all animals other than specified domestic house pets from her premises." The trial court denied plaintiff's motion for summary judgment, and granted defendant's.

Plaintiff appeals.

## II.

One ground for defendant's motion for summary judgment was:

> The animals the defendant keeps on her premises, according to the affidavit attached hereto, are house pets which are permitted under the Town Ordinance. The plaintiff does not allege in its Complaint that the animals are not house pets, and no discovery has indicated they are anything other than house pets.

Whether defendant's animals are "house pets" requires two determinations: (1) the legal question of the meaning of "house pets" as

used in the ordinance, and (2) the specific facts which invoke application of this legal definition.

Absent evidence of a contrary intent, the words of an ordinance are presumed to have their common and ordinary meaning. *See Transportation Service v. County of Robeson,* 283 N.C. 494, 500, 196 S.E. 2d 770, 774 (1973); *In Re Trucking Co.,* 281 N.C. 242, 252, 188 S.E. 2d 452, 458 (1972). The common meaning of "pet" is "a domesticated animal kept for pleasure rather than utility." *Webster's International Dictionary* 1689 (3d ed. 1968). We thus construe the exception in the ordinance for "house pets" to encompass all domesticated animals kept for pleasure in or around a house.

The facts material to the determination whether defendant's animals are "house pets" are the following: (1) the kind of animals they are, (2) the reason for which they were kept, and (3) the place where they were kept. Defendant has shown by affidavit that (1) her animals are two goats and a pony, which we find are "domesticated" animals, *i.e.,* ones that "live and breed in a tame condition," *Webster's, supra,* at 671; (2) they are kept as "pets," and thus are for pleasure rather than utility; and (3) they are kept within the walls of her house.

G.S. 1A-1, Rule 56(e), in part provides:

When a motion for summary judgment is made and supported as provided in this rule [*i.e.,* by pleadings, depositions, answers to interrogatories, admissions on file, or affidavits], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Defendant demonstrated the facts necessary to make the legal determination that her animals were "house pets" within the meaning of the ordinance. Plaintiff then had the burden to respond, by affidavit or other evidentiary matter, to show contrary material facts, and that there thus was a genuine issue for trial. "If the moving party files papers, including testimonial affidavits which show there is not a triable issue, the opposing party pur-

suant to Rule 56(e) and (f), must file papers which show there is a triable issue or the moving party will be entitled to summary judgment." *Nye v. Lipton,* 50 N.C. App. 224, 227, 273 S.E. 2d 313, 315, *disc. rev. denied,* 302 N.C. 630, 280 S.E. 2d 441 (1981). *See also Real Estate Trust v. Debnam,* 299 N.C. 510, 513, 263 S.E. 2d 595, 598 (1980); *Kidd v. Early,* 289 N.C. 343, 365, 222 S.E. 2d 392, 407 (1976); *City of Elizabeth City v. Enterprises, Inc.,* 48 N.C. App. 408, 412, 269 S.E. 2d 260, 262 (1980); *Arnold v. Howard,* 29 N.C. App. 570, 572, 225 S.E. 2d 149, 151 (1976); *Pridgen v. Hughes,* 9 N.C. App. 635, 640, 177 S.E. 2d 425, 428 (1970).

Plaintiff failed to offer any evidentiary matter in opposition to defendant's affidavit. There thus was no genuine issue for trial. A motion for summary judgment must be granted where "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). By applying the legal definition of "house pets" as used in the ordinance to the undisputed facts, we hold that defendant's animals fell within the ordinance's exception for "house pets," and that defendant thus was entitled to judgment as a matter of law.

### III.

Defendant's motion also sought summary judgment on the basis that plaintiff's ordinance is unconstitutional on several grounds. "It is an established principle of appellate review that [the] court will refrain from deciding constitutional questions when there is an alternative ground available upon which the case may properly be decided." *Brooks, Comr. of Labor v. Enterprises, Inc.,* 298 N.C. 759, 761, 260 S.E. 2d 419, 421 (1979). *See also State v. School,* 299 N.C. 351, 359, 261 S.E. 2d 908, 914, *appeal dismissed,* 449 U.S. 807, 66 L.Ed. 2d 11, 101 S.Ct. 55 (1980). Having concluded that defendant's motion for summary judgment was properly granted because plaintiff offered no responsive forecast of evidence which established existence of a genuine issue of fact and that defendant was entitled to judgment as a matter of law, we refrain from passing on the constitutional questions presented.

### IV.

In part, this is a case about goats. When confronted with cases concerning various species of the animal kingdom, appellate courts of this jurisdiction historically have yielded to a seemingly

Town of Atlantic Beach v. Young

inexorable compulsion to write learned (?) treatises thereon. *See, e.g.,* Justice Brogden's opinion on mules, *Rector v. Coal Co.,* 192 N.C. 804, 806, 136 S.E. 113, 114 (1926) ("A mule is a melancholy creature . . . [which] has neither 'pride of ancestry nor hope of posterity.' "); and Judge (Harry C.) Martin's[1] opinion on dogs, *State v. Wallace,* 49 N.C. App. 475, 477, 271 S.E. 2d 760, 762 (1980) ("The dog is of a noble, free nature, yet is domesticated and dedicated to the well-being of people of all races.").

In the exercise of judicial restraint, attained with difficulty, we resist the temptation presented here to follow, with regard to goats, the example of those opinions. Reference is made, however, to the following: J. Scott, *The Book of the Goat* (1979); and V. Sussman, *Never Kiss a Goat on the Lips* (1981).

## V.

Plaintiff commenced this action for the purpose of getting defendant's goats. Defendant's obtaining a summary judgment against plaintiff may, instead, get plaintiff's goat.

We hold the grant of defendant's motion for summary judgment proper. Denial of plaintiff's motion for summary judgment therefore was equally proper. Plaintiff's assignment of error to the grant of defendant's motion and the denial of its motion is overruled, and the judgment is

Affirmed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.

---

1. As of the filing date of this opinion, *Justice* Harry C. Martin.